[No. 1150.]

GEORGE SMITH, RESPONDENT, *v.* MICHAEL LOGAN
ET AL., APPELLANTS.

WATER RIGHTS—NECESSARY PARTIES TO ACTION.—A flume company diverted
the waters of the stream above the lands of the parties to this action, but
the waters thus diverted were returned to the stream for plaintiff's use,
undiminished in quantity :   *Held,* that the flume company was not, there-
fore, a necessary party to the suit.

IDEM—WHO MAY MAINTAIN ACTION.—A party to whom certain lands are
granted for the purpose of bringing an action for water rights connected
therewith, there being an oral agreement between the parties that upon the
termination of the litigation the lands should be reconveyed, may prose-
cute and maintain the action in his own name.   Such suit is founded on
the legal title.

FINDINGS—EXCEPTIONS TO TIME OF FILING.—In construing the statute relative
to defective findings:   *Held,* that the exceptions required to be filed in
court within five days are the exceptions of the party dissatisfied with the
findings.

IDEM—ERROR WITHOUT PREJUDICE:—*Held,* that if any error occurred in the
time of filing the exceptions, appellant could not have been prejudiced
thereby, as all the additional findings were favorable to him.

APPROPRIATION OF WATER BY TRESPASSER.—Respondent appropriated suffi-
cient water to irrigate certain lands to which he had no title.   Appellant
subsequently obtained a contract for the purchase of these lands from the
true owner:   *Held,* that the water so used and appropriated by respondent
while he was a trespasser did not become appurtenant to the land, and,
hence, did not pass to appellant under his contract of purchase.

IDEM—ADVERSE USE—PRESCRIPTIVE RIGHTS.—In reviewing the findings:   *Held,*
that respondent acquired a prescriptive right to a certain quantity of
water, previously appropriated by appellant, by reason of an adverse use;
that appellant lost his right of appropriation, as previously acquired by
him, to the extent of his non-user for the period prescribed by the statute
of limitations; but as he resumed possession of sufficient water to irrigate
five acres of land before the expiration of the statute of limitations, his
appropriation to that extent should be maintained.

APPEAL from the District Court of the Second Judicial
District, Washoe County.

Upon a rehearing, the court ordered that its previous

decision should be modified. The opinion, as here published, contains the modification and change directed by the court.

The facts are sufficiently stated in the opinion.

*A. C. Ellis,* for Appellant :

I. The court erred in dismissing the corporation as a party defendant after it had answered. It was an indispensable party to the proper determination of the rights of the parties to the use of the waters of said stream. (Dicey on Parties, 322–4 ; 2 Sawyer 455.) If plaintiff gave consent to the corporation to divert this water after defendant built its flume upon the faith of this consent, this easement would ripen into an absolute property right upon the conditions reserved and would be adverse to plaintiff and defendant. (Laws of 1869, Civ. Prac. Act, sec. 13 ; *Lee* v. *McLeod,* 12 Nev. 280 ; *Woodbury* v. *Parshly,* 7 N. H. 237 ; *Snowden* v. *Wilas,* 19 Ind. 14 ; *Stevens* v. *Benson,* Id. 369 ; *Lane* v. *Miller,* 27 Ind. 537 ; *Rhodes* v. *Otis,* 33 Ala. 578 ; *Campbell* v. *McCoy,* 31 Penn. 264 ; *Prince* v. *Case,* 2 Am. Lead. Cases 760–1.) Logan could not lose his right of appropriation by non-user simply, he must have abandoned his right or must have lost it by permitting plaintiff to acquire it by prescription. (*Simson* v. *Eckstein,* 22 Cal. 580 ; *Union Water Co.* v. *Crary,* 25 Cal. 504.) He might resume and utilize his right at any time, unless intentional abandonment was shown, or unless the water had been adversely used for five years. (*Partidge* v. *McKinney,* 10 Cal. 181 ; *Moon* v. *Rollins,* 36 Cal. 333.)

*R. M. Clarke* and *S. D. King,* for Respondent :

I. The court did not err in dismissing the El Dorado Wood and Flume Company as a party defendant. (1 Pet. 299 ; 6 Wheat. 550 ; 3 Gray 308 ; 1 Waits' Pr. 161 ; *Sawyer* v. *Chambers,* 11 Abb. Pr. 110 ; Adams' Eq. 314 ; Barb. on Part. 450, 452 ; Moak's Van Sant. Pl. 78 and 79,

etc., and cases cited; Story Eq. Pl. 572; Civil Pr. sec. 599; *Harlan* v. *Eureka M. Co.*, 10 Nev. 92.)

II. Findings reviewed and claimed to be correct in every particular and sufficient to support the judgment.

By the Court, Belknap, J.:

This suit is brought for the purpose of determining the relative rights of the parties hereto to the waters of Steamboat creek. Their rights, whatever they may be, are based upon appropriations made by themselves and their predecessors in interest.

·The joint answer of the defendants sets forth that a corporation known as the Eldorado Wood & Flume Company, is a necessary party defendant to the action, by reason of the fact that it was and theretofore had been, under claim of right, diverting permanently away from the natural channel all of the waters of the creek. The corporation was made a party defendant, and answered the joint answer. At the trial of the cause, and after the introduction of testimony touching the issues raised by the pleadings of the defendants and the corporation, the court dismissed it as a party defendant.

It was shown that the flume company diverted a portion of the waters of the stream at a point several miles above the lands owned by plaintiff or defendants. The lands of defendants are situated below the point of diversion and above the lands of the plaintiff. The waters diverted by the flume company were returned to the channel of the creek at a point below the lands of the defendants and above those of the plaintiff. Testimony was introduced in behalf of the plaintiff and the flume company tending to show that "the water was not diminished by the flume company's diversion and use, and that as much water was returned to the plaintiff's land by the flume company as would have reached said land if none were diverted by the flume company." Defendants introduced testimony in contradiction of this. There is no express finding upon this issue, but as the judgment was for the plaintiff, it is our duty to adopt

the theory of facts which will support the ruling of the district court, and we must, therefore, assume that no water was lost to the plaintiff by the flume company's diversion. If this be so, why should the flume company have been a party to the litigation? The suit was brought upon the hypothesis that defendants had interrupted plaintiff's enjoyment of the waters of the creek. The object in making the flume company a party to the suit was to show that the grievances complained of were produced by its, instead of defendant's, diversion of the waters. But, as the diversion by the flume company did not diminish the volume of water at plaintiff's land, his failure to receive water could not have been attributable to its acts. It was not, therefore, a necessary party to the suit.

Defendants conceded upon the trial that plaintiff was the owner, in his own right, of a portion of the land described in the complaint. Other tracts of land were conveyed to him immediately prior to the commencement of this suit by grantors claiming to have acquired rights, by appropriation, to the waters of the creek, in connection with their ownership of the land. There was an oral agreement between grantors and grantee that upon the termination of the litigation the lands should be reconveyed to the grantors, respectively. Upon these facts appellant contends that plaintiff, as to the lands so conveyed, and the water rights appurtenant thereto, is not the real party in interest. The objection is founded upon the provision of the civil practice act (sec. 1067, Comp. Laws), which requires that "every action shall be prosecuted in the name of the real party in interest. * * *" If the transactions between the plaintiff and his grantors created any trust, it was an express trust, and the trustee of an express trust may sue without joining with him the person or persons for whose benefit the action is prosecuted. But the evidence introduced at the trial was incompetent to establish an express trust. Section 55 of the act concerning conveyances, requires such a trust to be established by deed or conveyance in writing. The statute is as follows: "No estate or interest in lands,

other than for leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized in writing." (Sec. 283, Comp. Laws.) Again, the objection may be satisfactorily decided upon the ground that the pleadings do not tender the issue whether the plaintiff holds the property in his own right or that of another. True, the answer denies the plaintiff's ownership, but it does not set forth a state of facts requiring the district court to exercise its equitable jurisdiction, and examine into the relations of trust existing between the plaintiff and his grantors. This suit is founded upon the legal title, and when plaintiff showed that title to be in himself, he fully answered the issue of ownership presented, and there was no necessity for further evidence upon that point.

The next point made is based upon the delay of the district court in making additional findings of facts. The findings and decree were entered upon the thirty-first day of July. Upon the fifth day of August following, appellant requested the court to make certain additional findings. The record recites the fact that upon the said fifth day of August the court failed and refused to make any additional findings, and thereupon appellants filed their exceptions to the action of the court. Afterwards and upon the fifteenth day of August the court made its findings upon the issues covered by the exceptions. It is claimed that the court erred in failing to make the additional findings within the time required by law. The statute relating to defective and insufficient findings provides:

"Sec. 1669. In cases tried by the court without a jury, no judgment shall be reversed for want of a finding, or for a defective finding, of the facts, unless exceptions be made in the court below to the findings, or to the want of a finding; and in case of a defective finding, the particular de-

fects shall be specifically and particularly designated; and upon failure of the court to remedy the alleged error, the party moving shall be entitled to his exceptions, and the same shall be settled by the judge as in other cases; provided, that such exceptions to the finding, or want of a finding, shall be filed in the court within five days after the making of the finding or decision to which exception is made."

The exceptions required to be filed in the court within five days are the exceptions of the party dissatisfied with the findings. Thereafter the court may "remedy the alleged error," but it will be observed that the statute does not prescribe the time within which the court must act. If any error could have occurred in this regard, the defendants could not have been prejudiced thereby, as all of the additional findings were favorable to them.

Appellant assigns as error the failure of the district court to award defendant Logan the right to use sufficient water to irrigate the twenty-acre tract of land heretofore referred to. Plaintiff Smith and defendant Logan each endeavored to purchase this tract from the railroad company. In the year 1880 the company entered into a contract of sale with Logan. Prior thereto Smith had occupied and irrigated the land, and appellant now claims that the waters of the stream had become appurtenant to the land, and went with it when Smith lost and Logan acquired it. We cannot admit this claim. Smith, as to the true owner of the land, was a trespasser. Logan has not connected himself with Smith's right to the use of the water, and he could have changed its use to other lands.

Objection is made to the apportionment of the waters of the stream established by the decree.

The findings show that from the year 1861 until 1867 inclusive, Logan irrigated from ten to thirty-five acres of land. During the years 1868, 1869 and 1870 he made no use of the waters, and in 1871 and 1872 he irrigated but five acres. During these five years plaintiff and his predecessors in interest used the waters of the creek under

their appropriations adversely to Logan. They, therefore, acquired the right to so much of the waters appropriated by Logan as he failed to use during the period limited by the statute of limitations. But Logan did not lose his right to all of the waters appropriated by him, because in 1871 he resumed possession of sufficient water to irrigate five acres of land and thereafter maintained it. The decree fails to preserve this right to Logan under his appropriation in 1861 and it must be modified accordingly. The cause must, therefore, be remanded to the district court with instructions to modify its decree in this respect. It is so ordered. Appellant to recover his costs upon appeal.