SWEETLAND, RESPONDENT, v. OLSEN, APPELLANT.

[Argued June 15, 1891.  Decided July 13, 1891.]

WATER RIGHT—*Appurtenance.*—A water right acquired and used for a beneficial and necessary purpose in connection with realty is an appurtenance thereto, and, as such, passes with a conveyance of the land unless expressly reserved from the grant.

SAME—*Evidence—Declaration of appropriation.*—In an action to establish a priority in a water right, certified copies of the declarations of appropriation, recorded prior to legislation requiring record of water appropriations, are admissible as evidence tending to show the intention, understanding, and action of the original appropriators in relation to the waters in dispute.

SAME—*Evidence.*—In the case at bar it appeared that plaintiff's grantors, who were brothers and partners, farming jointly, but owning the land in severalty, had used a water right in common for some time, although the appropriation had been made by one of them; that the entire waters of the stream had been appropriated at the same time by one of said grantors and a third person in equal shares; that the grantor who made an appropriation had not conveyed to his brother any interest in his one half of the water. *Held*, that plaintiff having succeeded to the interest of both brothers, it was immaterial what interest, if any, had been acquired by the one from the other by reason of their partnership relations and joint use of the water, and that the evidence was sufficient to establish plaintiff's right to one half of the waters of the stream.

*Appeal from Tenth Judicial District, Fergus County.*

Action to establish priority in water right and for an injunction.  The cause was tried before BENTON, J.  Plaintiff had judgment below.

*E. W. Morrison,* and *Wade & Blackford,* for Appellant.

Does the conveyance of land "with all appurtenances" convey a water right that is situated off from the land conveyed?  A water right is real estate, and is of the same character and grade as any other real estate.  (*Barkley* v. *Tieleke,* 2 Mont. 59.)  Things equal to their principal cannot pass as appurtenant to it.  Land cannot be appurtenant to land.  (*Donnell* v. *Humphreys,* 1 Mont. 530.)

In a late case the Supreme Court of Missouri says: "The term 'appurtenance' conveys with it no rights or interest in property of the grantor on other lands which he owns, lands not included in the deed under which the grantor claims.  (*Leonard* v. *White,* 7 Mass. 6; 5 Am. Dec. 19.)  It cannot be made to include anything not situate on the land described, though it belong to the grantor and be used by him in his busi-

ness." (*Barrett* v. *Bell*, 82 Mo. 110; 52 Am. Rep. 361; *Frey* v. *Drahos*, 6 Neb. 1; 29 Am. Rep. 353; *Grant* v. *Chase*, 17 Mass. 443; 9 Am. Dec. 161; *Spaulding* v. *Abbott*, 55 N. H. 423; *Ogden* v. *Jennings*, 62 N. Y. 526; *Quirk* v. *Falk*, 47 Cal. 453; *Ottumwa Woolen Mill Co.* v. *Hawley*, 44 Iowa, 57; 24 Am. Rep. 719; *Meek* v. *Breckenridge*, 29 Ohio St. 642; *Blakeman* v. *Blakeman*, 39 Conn. 320; Pomeroy's Riparian Rights, §§ 57, 58.)

Where a conveyance is made of a piece of land by defined boundaries, "with appurtenances," other land not included in the boundaries will not pass as appurtenant to the grant. (1 Am. & Eng. Encycl. of Law, p. 641, tit. "Appurtenances.") The words "with the appurtenances" add nothing to the deed. (*Huttemeier* v. *Albro*, 18 N. Y. 48.) A water right is not an easement or servitude. It is to every intent and purpose land. If the water right is situate upon the land conveyed it is included in the grant. This must have been the foundation of the decision in the case of *Tucker* v. *Jones*, 8 Mont. 225. The water right appears to have been located and existing upon the lands conveyed.

*Massena Bullard*, for Respondent.

The deed conveys to the grantee the land described "with all appurtenances." This includes a water right, though not situated upon the land conveyed. If the water be used upon the land it is not necessary that the entire ditch, including its source, be within the legal boundaries of the land conveyed. (*Donnell* v. *Humphreys*, 1 Mont. 518; *Tucker* v. *Jones*, 8 Mont. 225.) The word "appurtenances" is not necessary to the conveyance of an easement. The idea and definition of an easement to real estate granted is, a privilege off and beyond the local boundaries of the land conveyed. (*Cave* v. *Crafts*, 53 Cal. 135.) The grant of a mill carries with it the use of the water by which it is worked, and all things necessary to its use. (*Donnell* v. *Humphreys*, 1 Mont. 531, and cases cited.) This is not a case where one piece of land is appurtenant to another piece of land, but it is a case where a water right and ditch are appurtenant to, and have been appropriated and used in connection with and for the use and benefit of the land conveyed.

HARWOOD, J. — This action was brought to obtain judgment, declaring plaintiff's prior right, as against defendant, to the use of one half of the waters of Dawkins Creek, for the irrigation of plaintiff's lands, described in her complaint, situate in Fergus County, and for an injunction prohibiting defendant from further interference with her alleged right to said water. Defendant by answer controverted the allegations of plaintiff's complaint, and set forth facts whereby he claimed to be entitled to the first use of all of the waters of said creek. A trial was had before the court and a jury, wherein each party appeared and introduced testimony to establish their respective claims to the use of said water in controversy. The jury returned a verdict in favor of plaintiff, upon which judgment was rendered granting plaintiff the relief demanded. This appeal was taken from said judgment, as well as from an order overruling defendant's motion for a new trial, assigning errors of law occurring at the trial, and insufficiency of the evidence to justify the verdict of the jury.

It is urged by counsel for appellant that the court erred in giving the jury an instruction to the effect that a conveyance of land, "with all appurtenances," operated, without any further express grant of a water right, to convey to the grantee a water right appropriated, owned, and used by the grantor, and necessary for the proper irrigation of the land granted. This instruction is in entire harmony with the law as heretofore declared by the Supreme Court of Montana, in the case of *Tucker* v. *Jones*, 8 Mont. 225, supported by authorities there cited; and we think this holding is also in harmony with the general principles announced in *Donnell* v. *Humphreys*, 1 Mont. 518. After a careful review of the authorities upon this point, presented in briefs of counsel, we express without hesitation our adherence to the doctrine that a water right acquired and used for a beneficial and necessary purpose, in connection with the realty, is an appurtenance thereto, and is conveyed as such in a grant of the realty, unless expressly reserved from the operation of the grant.

During the progress of the trial William Wunderlin was introduced as a witness on behalf of plaintiff, and testified that he and J. B. Dawkins, in the year 1881, entered certain claims

adjacent to said creek, and also appropriated the waters of said creek, each appropriating one half thereof; that in February, 1882, the witness and said Dawkins made declarations in writing of their respective claims and appropriations of said water, and caused the same to be recorded. A certified copy of each of said declarations was thereupon shown to the witness, and by him identified as copies of the two declarations referred to. The same were then offered in evidence, to which defendant objected, on the ground that such declarations were incompetent, irrelevant, and immaterial, because it appeared that the declarations were filed prior to the passage of any act requiring a record of water appropriation to be made. Plaintiff's counsel answered said objection, by stating that the instruments were offered to prove the intention of the parties in making their appropriations, and the quantity of said water each intended to claim. Thereupon the court admitted said declarations, to which action of the court defendant excepted, and assigns the same as error. The plaintiff claimed to be the owner of one half of the waters of said creek by virtue of the alleged appropriation and use thereof by William Wunderlin, and the conveyance thereof afterwards to plaintiff. Defendant claimed the same water — that is, all of the waters of said creek — by reason of the alleged appropriation and use thereof by J. B. Dawkins, and the conveyance thereof to defendant.

It is therefore important to ascertain what were the original appropriations made by said Dawkins and Wunderlin as to time and quantity of appropriation. It appears from said declarations that the same were sworn to and subscribed, February 10, 1882, by said Dawkins and William Wunderlin, respectively, before the same notary public, and were caused to be recorded. It does not appear which was first recorded. The two declarations are alike in terms, with the exceptions of the name of the declarants, and a reference to the different branches of said creek, the waters of which are declared to be claimed by the subscriber. Each claims one hundred and sixty inches of the waters of said creek, describing the creek as rising from a certain spring, and (quoting from Dawkins' declaration) "running thence in a northwesterly direction to section 13, township 14 north, of range 15 east, where it branches into two distinct

streams, of which I claim the upper one, or the one running in a nearly northerly direction, while the other running in a more westerly direction is claimed . by William Wunderlin." The declaration signed and sworn to by William Wunderlin likewise describes said spring and creek, and asserts his claim to the waters of the lower branch, " or the one running in a northwesterly direction, while the other one running in a more northerly direction is claimed by J. B. Dawkins."

It is true there was no statute of Montana at the time requiring the execution and recording of a declaration of the appropriation and claim of water rights. But if parties voluntarily make, subscribe, and verify declarations of their respective claims, or appropriations of certain quantities of the waters of a certain creek, the question before us is as to the admissibility of such declaration as evidence tending to show the intention of such appropriators as to quantity and time of the appropriation, as well as the understanding of the parties respecting each other's rights in and to any of the waters of the stream in question, if such matters are explained by the writing offered. We think that character of evidence is of the best type always preferable if it can be had. The objection made to the introduction of those declarations, on the ground that no statute required the same to be made, would apply with equal force to all documentary evidence, except in the small number of cases where a statute requires that a writing shall be made upon the subject. It is true, also, that the making and recording of a declaration was not sufficient in itself to establish the right of declarant to the use of the water therein described. Such right could only be acquired by the actual appropriation, diversion, and use of a quantity of the waters of the stream for a beneficial and lawful purpose. The objection of defendant to the introduction of said writings proceeded upon the ground that it was the actual appropriation and use of waters which matured a right thereto, and not the making and recording of a declaration. But the declarations were offered as evidence tending to show what the intention, understanding, and action of the original appropriators was in relation to the waters in dispute, and for such purpose were admissible.

It is further contended by appellant that the evidence is

insufficient to justify the verdict of the jury. Under this assignment, it is urged that plaintiff in her complaint alleges that she became possessed of the right to the first use of one half of the waters of said creek by conveyance of certain land, together with said water right, to her by William Wunderlin; and that it appears from the evidence that a portion of said waters claimed by plaintiff was originally used by one Joseph Wunderlin, for the irrigation of his land adjoining the land of the said William, his brother; and therefore said William owned only one half of the waters of said creek used by the Wunderlin brothers—that is to say, one fourth of the waters of said stream; and hence it is insisted that in that particular the verdict is not justified by the evidence. We do not find, from an inspection of the record, that appellant is sustained in this position. Plaintiff sets forth in her complaint, in effect, that she is the owner of two quarter sections of land, described, one of which she became possessed of by grant from William Wunderlin, and that she acquired the other by grant from Joseph T. Wunderlin and wife. Plaintiff further alleges that in the first instance the one half of the waters of said stream, which plaintiff claims, was appropriated and diverted by said William Wunderlin onto the quarter section then owned by him; and that afterwards the said water right was conveyed to this plaintiff by said William Wunderlin.

Turning to the evidence before us in the record, we find, in addition to the documentary evidence introduced by plaintiff, that both William and Joseph Wunderlin were present and testified on behalf of plaintiff. William testified, in effect, that in August, 1881, the waters of said creek were appropriated and claimed by J. B. Dawkins and himself, both being settlers upon lands adjoining said creek; that each of said original appropriators claimed and diverted one half of the waters of said creek, by each taking the waters of one branch thereof, whereby the said waters were, and continued to be, divided into two equal streams; that "afterwards [quoting from the testimony of William], in February, when Dr. Rotwitt came along, we had him make out the papers, which were put on record;" referring to the declarations which were considered above. William testified that he personally did the work of excavating the ditches by which

said portions of the waters of the creek were diverted, both for himself and Dawkins, in the first instance; that in 1883 Dawkins proposed to William that they use the waters of said creek in common, and take the water out at any place either desired, up the creek; and that either might use all of the water when the other was not in need of his proportion thereof; to which proposition William consented. This witness further testified that he and his brother Joseph "were partners, and what one had the other had;" that he caused the waters of said creek to run through his ditches onto his land, and also onto adjoining land belonging to his brother Joseph; that both said brothers were interested in the second ditch made by them. Joseph Wunderlin testified that in 1883 he used one half of the waters of said creek on his brother's land; that he used said water in 1884, in the upper ditch, and it ran down through his garden, and spread out over his brother's land, and over his own land. He also testified that he and his brother William were partners. Upon this evidence it is insisted by appellant that, if any claim to any portion of the waters of said creek was proved in favor of said William Wunderlin, it was a claim or right, not to one half of the waters of said stream, but to a common partnership interest with his brother Joseph in one half of the said waters.

As before observed, the plaintiff's complaint alleges her ownership of two quarter-sections of land acquired by grant from said Wunderlin brothers. It was these two quarter-sections which are referred to in the evidence as the land of William and Joseph Wunderlin. It appears from the record that said brothers held their lands severally, but farmed jointly, and otherwise had their interests in common. It does not appear in the record that William at any time conveyed to his brother Joseph any interest in the one half of the water of said stream, which it is alleged, and the evidence tends to prove, was originally appropriated by William; but it is shown that William and Joseph, during some time, used said water in common. Now, it is neither possible, nor is it necessary in this action, to ascertain what, if any, interest Joseph may have acquired in the waters of said creek appropriated by William, by reason of the partnership relation of said brothers in the use of said water, for the reason that plaintiff succeeded by grant to the interests

of both said brothers by purchase of their lands and water right which attached as an appurtenance thereto; all of which is set forth in plaintiff's complaint and covered by the evidence introduced.

We have carefully considered all specifications presented wherein it is claimed by appellant's counsel that the evidence is insufficient to justify the verdict, and find not only that there is ample testimony upon these points, but that the testimony is of a very satisfactory character, both documentary and parol, so far as can be judged from this record. It is true there is a marked disagreement of witnesses on behalf of the respective parties upon certain points, but in this conflict the jury found where the preponderance was, which is the especial province of a jury in such cases; and it is a well-established rule that this court will not disturb a verdict on the alleged ground of insufficiency of evidence, where such verdict is supported by substantial testimony, although there is conflicting testimony as to facts which the jury must find in order to arrive at a verdict. We find no error in the record.

It is therefore ordered that the judgment and order overruling appellant's motion for new trial be affirmed, with costs. Judgment affirmed.

*Affirmed.*

BLAKE, C. J., and DE WITT, J., concur.