93  365
110  585

[No. 14270.   Department One. — February 10, 1892.]

GEORGE A. CROOKER, RESPONDENT, *v.* THOMAS H. BENTON, APPELLANT.

WATER RIGHT — APPROPRIATION — MEANS OF USER — APPURTENANCE TO LAND — FLOW WITHOUT RIGHT — REVOCABLE LICENSE. — Where the owner of land receives water acquired by appropriation by means of a ditch passing through the land of another, and flowing therefrom over adjacent land, and such water is necessary to the proper use of his land, and by such means had been brought and actually used upon the land for years, the water right is an appurtenance to the land upon which it is used, which will pass by a deed conveying the land, even though the ditch terminates at a long distance from the land conveyed, and the right to take the water therefrom across the adjacent land was partly without right, and partly conferred by a revocable license.

ID. — VENDOR AND PURCHASER — ESTOPPEL OF VENDOR — INFIRMITY OF TITLE. — As long as the purchaser of the land, who took the water right as an appurtenance thereto under his conveyance, is permitted to take the water over the adjacent land, the vendor cannot object, nor can he sell the ditch to a third party so as to convey the water right, or enable such third party to plead the infirmity of the purchaser's title to the right of way for flow of the water across the adjacent land.

ID. — DEFINITION OF APPURTENANCE — CONSTRUCTION OF CODE — USE " BY RIGHT."— Under section 662 of the Civil Code, defining an appurtenance, and providing that a " thing is deemed to be incidental or appurtenant to land when it is by right used with the land," etc., the phrase " by right used with the land " does not refer to the owner's title to the incident, but has reference to the rightful *use* by which the incident has become an adjunct to the land, and remains such so long as it can be used therewith without lawful interference by third persons.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial.

The facts are stated in the opinion.

*L. V. Hitchcock,* for Appellant.

*N. P. Chipman,* and *Chipman & Garter,* for Respondent.

TEMPLE, C. — This is defendant's appeal from the judgment and an order refusing a new trial.

The action is to determine the right to one third of the water flowing is a certain ditch. The plaintiff claims the water as appurtenant to a certain tract of land purchased by him from one D. G. Miller. The defendant claims to have purchased from Miller his interest in the ditch, after Miller had conveyed the land to plaintiff. If the water right was appurtenant to the land, plaintiff must prevail; otherwise the defendant.

It appears that in 1883, W. T. Hurtt, L. A. Crooker, and said D. G. Miller were each in possession of a quarter-section of land in section 28, etc. An old flume ran through this section, formerly used to float lumber. Water continued to run there, and the owners of the flume, having no use for it, suffered it to be taken out by settlers for domestic and irrigation purposes, and it was so taken by Hurtt, L. A. Crooker, and Miller.

The flume decaying, Hurtt, L. A. Crooker, and Miller agreed to appropriate a portion of the water of Digger Creek, which had supplied the flume, and accordingly posted, at the point of intended diversion on Digger Creek, a notice, as required by the code, which was signed by each of the persons named, and contained certain declarations as to the rights and duties of the parties: 1. They should own equally; 2. Each do one third of the work and furnish one third of the money for construction; and 3. Failing to do this, their interest in the ditch should be held for payment; 4. Each could take his share of water out at any place to suit his convenience; 5. Each was compelled to cut ditches to carry his portion of water back to Digger Creek; and 6. To pay an equal proportion to keep the ditch in repair.

In the spring of 1884 the water was taken out and conducted by ditch and flume to a point eighty rods northeast of the southeast corner of the section.

Hurtt then constructed a ditch, taking his share of the water upon his land, where, having used it, or what he wished, it ran upon the land of L. A. Crooker, and from thence sometimes upon the land of Miller, and was used by him for purposes of irrigation.

Where the ditch constructed by the parties terminated, the old flume still remained, and the water flowed thence to a point near L. A. Crooker's land, whence some of it was taken and used by him, and the excess not used by him passed to Miller's land.

The portion not taken by Hurtt or L. A. Crooker during 1884 passed to a point near Miller's land, and thence onto it; but in 1885, L. A. Crooker removed the old flume, and the water was dumped near Crooker's north line, and was sometimes used by Crooker, and sometimes, when not so used, ran down to Miller's land, where it was collected, together with the water received through Crooker's ditch, and used by Miller.

Subsequently, and a short time before Miller sold to plaintiff, in pursuance of an agreement with L. A. Crooker, he (Miller) received his share of the water

through Crooker's ditch, above described, which was extended to his land.

Miller had applied to Hurtt for permission to carry his portion of the water through Hurtt's land, but permission was refused; but even getting it through the Crooker ditch, it all passed through a portion of Hurtt's land.

Miller sold and conveyed the land, with the appurtenances, to plaintiff, May 3, 1886, and his interest in the ditch to defendant, March 14, 1887, plaintiff's deed being then on record.

The water was necessary to the proper use of Miller's land. It is evident that the appropriation was made and the ditch constructed to bring the water there for that purpose, and for no other; and further, that through these means the water had been so brought and actually used upon the land for some years, and was being so used at the time of the conveyance to plaintiff.

Appellant concedes that had the ditch been continued by the parties to Miller's land, the water would have been appurtenant to it, but inasmuch as this ditch is more than a half mile away, and Miller has received his share of the water through Hurtt's land without any right at all, and through Crooker's by a license which may be retracted at any time, the water was not used on this land *by right*, and therefore did not and could not be appurtenant to it, under section 662 of the Civil Code, which reads: "A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or watercourse, or of a passage for light, air, or heat from or across the land of another."

But that which is claimed as an appurtenant here is not the easement of a right of way over the lands of Hurtt and Crooker, but the water right which undoubtedly did belong to Miller and was used by right as an incident to his land. At the time of his conveyance he got the water through Crooker's ditch by his (Crooker's) consent. Hurtt had presumptively, at least, licensed this use of his land for Crooker's ditch. If so, he could not

object that it was made to carry additional water, unless this increased the burden to his land; that is, made the ditch in some respect more injurious to his estate. It does not appear that it did so. He was then using the water by right within the claim of appellant.

But in my opinion, the vendor cannot raise the question as against his vendee. The water belonged to Miller by appropriation. It was acquired for use upon this land, and the land could not be so advantageously used without it. It had been, and at the time of the sale was, being so used by the vendor. It had become an adjunct to this land, and the vendor cannot raise the question that he had not an indefeasible title to the right of way.

Appellant states a case which he thinks will test this question in the strongest manner possible.

A owns a house, and on another tract of land a spring, from which he conducts water to his house over the lands of B, which separates his house from the tract of land on which the spring is. There is no other way in which the water could be brought. The right through B's land is by a revocable license. Is the right to take water from the spring appurtenant to the house, so that it would pass by deed conveying the house and appurtenances? My answer is, Yes, undoubtedly; and so long as he is permitted to take the water through B's land, A cannot object. He could not sell water flowing from the spring to C, so as to enable C to plead the infirmity of the vendee's title to the right of way. But if A's vendee could not get a right from B, and therefore could not use the water at his house, as his right to it was only as an appurtenant, he would then lose his right.

We have only to change the illustration by supposing the water conducted in iron pipes, and that A attempted to remove the pipe from B's land, to have the exact case of *Philbrick* v. *Ewing*, 97 Mass. 133.

There the court said: "He had no more right to cut off a piece of the pipe because it ran into another's land, than he would have had to cut off a piece of a spout which projected over the adjoining premises. If the

XCIII. CAL.—24

owner of that land objected to its continuance, the plaintiff would be obliged to draw her pipe in; but until objection was made, or if she could obtain a license for it to continue, she could let it remain as her predecessor had done."

It seems to me that the water right itself is in the same position, as between the vendor and vendee, as the pipe was in the case of *Philbrick* v. *Ewing*, 97 Mass. 133. Some third person may possibly interfere with plaintiff's use of the water right, which had become appurtenant to his farm, but because they could do so, the vendor could not deny that it passed as an appurtenant.

Nor can I think appellant has rightly construed the section of the Civil Code. If the phrase " by right" has reference to the owner's title to the incident, it seems to me it effects no purpose. Of course, a thing could not constitute a part of his estate if he did not own it. An appurtenance is something belonging to another thing more important or worthy. However inapt the language, I think this the idea intended to be conveyed by the words "by right *used* with the land." It had become an adjunct to the land. Construed otherwise, I see no reason why, within this definition, a plow used upon the land, or a mule team, might not be appurtenant.

*Farmer* v. *Ukiah Water Co.*, 56 Cal. 11, and *Fitzell* v. *Leaky*, 72 Cal. 477, are authorities upon some of the questions which might be raised in this case. In each of those cases the right to water acquired by contract, and depending for its continuance upon contract obligations of third persons, was held to have passed as appurtenant to land.

I think the judgment and order should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.