BEATTY, RESPONDENT, v. MURRAY PLACER MINING COMPANY ET AL., APPELLANTS.

[Submitted February 5, 1895. Decided February 11, 1895.]

APPEAL—*Questions of sufficiency of evidence.*—Where there is no bill of exceptions in the record, nor motion for a new trial, and no order denying such a motion, an alleged error of the insufficiency of the evidence to sustain the finding of the jury and court will not be considered. (*Porter* v. *Clark*, 6 Mont. 246; *Alder Gulch Mining Co.* v. *Hayes*, 6 Mont. 32, cited.) It is presumed in such case that the evidence supports the findings and judgment, and that the instructions were based upon testimony in the case. (*Broadwater* v. *Richards*, 4 Mont. 80; *Princeton Min. Co.* v. *First Nat. Bank*, 7 Mont. 580;

*Lockey* v. *Hoosky*, 4 Mont. 457; *Morse* v. *Swan*, 2 Mont. 306; *Twell* v. *Twell*, 6 Mont. 19; *Black* v. *Black*, 5 Mont. 15, cited.)

WATER RIGHTS—*Transfer of interest in water ditch.*—A water right is appurtenant to the land upon which it is used, and, unless abandonment is proved, a transfer of land with its appurtenances conveys the interest of the grantor in any ditch or water right necessary to the use and enjoyment of the land. (*Tucker* v. *Jones*, 8 Mont. 225; *Sweetland* v. *Olsen*, 11 Mont. 27, cited.)

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION to determine water rights. Judgment for the defendants below was rendered by GALBRAITH, J. Affirmed.

*Toole & Wallace,* and *M. Bullard,* for Appellant.

*Wade & Barrows,* for Respondent.

HUNT, J.—The plaintiff sued the defendant, the Murray Placer Mining Company, and sixteen others, to determine the right to the use of certain waters of Beaver creek, Jefferson county, and to have established, by decree, the relative rights of all parties to the suit to the use of said waters. Separate answers claiming appropriations and use were made by the defendants Davis, Thompson, and Julia Reynolds. The defendants, Samuel T. Hauser, Anton M. Holter, John Murray, and H. D. Hauser, jointly answered, denying plaintiff's appropriations at the dates alleged in his complaint, and the priority of the same over their rights, and setting up prior rights in certain of themselves.

Special issues were submitted to a jury, and fifty-nine questions answered by them. The court revised these findings, made certain modifications, and afterwards entered a decree establishing the respective rights of all parties.

Upon May 23, 1892, the appellant filed its statement on appeal, which was afterwards, on the 18th of July, settled as correct. There appears in the record, between the conclusion of the testimony of a witness and the instructions of the court to the jury, a "specification of errors," in which are recited the particulars wherein the evidence is claimed to be "insufficient to sustain the findings of the jury and the modifications thereof by the court, and the decree of the court," so far as the same relate to certain ditches belonging to certain of the defendants.

The appeal in the case is from the judgment in favor of

defendants Davis, Thompson, and Julia Reynolds, adjudging that said defendants are entitled to the use of certain of the waters of Beaver creek prior in time to the right and appropriation of the appellant.   There is no bill of exceptions in the record, no motion for a new trial, and no order denying such a motion; it is, therefore, impossible for the court to consider the alleged error of insufficiency of the evidence to sustain the findings of the jury and court.   (*Porter* v. *Clark*, 6 Mont. 246; *Alder Gulch Con. Co.* v. *Hayes*, 6 Mont. 32.)

Appellant, in its brief, makes a point against oral transfers of ditches and water rights; but, there being nothing properly before the court to show that there were any such oral transfers, independent of a transfer of the land to which the water was appurtenant, it is unnecessary to pass upon the question raised. That a water right is appurtenant to the land upon which it is used, and, unless abandonment is proved, that a transfer of land with its appurtenances, conveys the interest of the grantor in any ditch or water right necessary to the use and enjoyment of the land, has been decided by this court.   (*Tucker* v. *Jones*, 8 Mont. 225; *Sweetland* v. *Olson*, 11 Mont. 27.)

The only other point made by the appellant is, that the respondents, Davis and Thompson, should exhaust their prior claim to the waters of Beaver creek from the three hundred inches "arising in the bed of the stream below the head of the appellant's ditch, and above the head of the ditch of said respondents."   This cannot be considered in the absence of a motion for a new trial.   See authorities above cited.   It is presumed that the evidence supports the findings and judgment, and that the instructions were based upon testimony in the case.   (*Broadwater* v. *Richards*, 4 Mont. 80; *Mining Company* v. *First National Bank*, 7 Mont. 530; *Lockey* v. *Horsky*, 4 Mont. 457; *Morse* v. *Swan*, 2 Mont. 306; *Twell* v. *Twell*, 6 Mont. 19; *Black* v. *Black*, 5 Mont. 15.   The complaint supports the judgment, and the findings are consistent therewith. (*Chumasero* v. *Viall*, 3 Mont. 376.)

The judgment is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.