SLOAN ET AL., APPELLANTS, *v.* GLANCY, RESPONDENT.

[Submitted November 17, 1896. Decided January 2, 1897.]

WATER RIGHTS—*Deeds—Appurtenances.*—A conveyance of land, with the appurtenances, conveys the grantor's interest in a ditch passing through the land which had been constructed under an agreement with the owner of the water right, without proceedings in eminent domain, whereby he should be permitted to construct the ditch without payment of damages in consideration of the use by the grantor of sufficient of the water to irrigate his land below the ditch, and which was necessary to its cultivation, although such right to the use of the water was not described in express terms in the deed. (*Tucker* v. *Jones*, 8 Mont. 225; *Sweetland* v. *Olsen*, 11 Mont. 27, followed.)

SAME—*Abandonment.*—In the absence of evidence of an intention to relinquish, the mere non-user of a water right is not an abandonment. (*Smith* v. *Hope Mining Co.*, 18 Mont. 432, followed.)

APPEAL—*Findings.*—Omission of the court to make findings upon an immaterial issue is not an error of which the appellants can complain where the evidence on the issue was meager and the court offered to permit them to introduce further testimony upon the point before adopting the findings of the jury, which offer was refused.

*Appeal from Tenth Judicial District, Fergus County.*

INJUNCTION to restrain diversion of water. Decree for defendant was entered by DU BOSE, J. Affirmed.

Statement of the case by the justice delivering the opinion.

Suit by plaintiffs against the defendant to enjoin him from interfering with the plaintiffs' use and enjoyment of the waters of an irrigating ditch described in the complaint and situated in Fergus county. The plaintiffs have been in possession of

certain agricultural lands in Fergus county for years prior
to the commencement of this suit.    In 1884 the plaintiff Cul-
nan and one Howell, the grantors of plaintiffs B. McDonnell
and T. McDonnell, appropriated a thousand inches of the
waters of Big Spring Creek.    The plaintiffs allege that this
appropriation was by means of a ditch which tapped Big
Spring Creek, and that the plaintiffs B. and T. McDonnell, as
grantees of Howell, now own said Howell's interest in said
ditch and water.    It is next alleged that about May 31, 1890,
the plaintiffs Sloan, Culnan, Clegg, E. McDonnell, B. Mc-
Donnell and T. McDonnell appropriated an additional fifteen
hundred inches of the waters of said stream by means of en-
larging the ditch first above described, and that plaintiffs have
used the waters flowing through the above mentioned ditch
until interfered with by the defendant; that about August,
1892, and since then defendant has deprived the plaintiffs of
the use of the waters aforesaid and caused them injury and
damage.

The defendant denied that Sloan, one of the plaintiffs, was
one of the original appropriators of the water first mentioned
in the complaint, or that Howell was the grantor of plaintiff
Ed McDonnell, or that Ed McDonnell has any interest in the
said ditch as grantee of Howell.    He also denied the alleged
appropriation of May 31, 1890, of an additional fifteen hun-
dred inches of water; denied the capacity of the ditch con-
structed to be sufficient to convey twenty-five hundred inches
of water, or any greater amount than one thousand inches;
denied any wrongful diversion on his part or any damage
through any action of his to the plaintiffs or any of them.
The defendant affirmatively set forth that he and his grantors
owned a certain piece of agricultural ground adjacent to Big
Spring Creek, and that fifty acres of his lands lie upon the
northerly side of the creek between the creek and the ditch
of plaintiffs and below the ditch; that the plaintiffs Culnan,
Clegg and McDonnell; together with John W. Howell ap-
propriated certain waters of Big Spring Creek by means of
that certain ditch described in the complaint; that at the time

of such diversion and appropriation one Joel A. Harris, defendant's grantor, owned and was in possession of the ground now owned by defendant; that the plaintiffs' said ditch is constructed across the lands owned by this defendant and formerly owned by said Harris; that at the time of the appropriation of the water in 1884, and before the construction of the ditch by plaintiffs across the lands of the defendant, and in consideration of their being allowed to construct and maintain the said ditch across the said lands, the plaintiffs Culnan, Clegg and Ed McDonnell and Howell, the grantor of said plaintiffs B. and T. McDonnell, agreed with said Harris, defendant's grantor, that Harris should have such an interest in the said ditch and the waters therein as might be necessary to irrigate that portion of defendant's lands lying between the said ditch and the said Big Spring Creek—about 50 acres more or less;—that in pursuance of said agreement the said plaintiffs and the said Howell entered upon the construction, and completed the said ditch over and across the said lands of this defendant; that afterwards, in 1886, the defendant bought from the said Harris all his right, title and interest in and to the above mentioned lands, together with the appurtenances, and the same were conveyed to the defendant by deed in writing. The defendant alleges that at the time of the purchase the plaintiffs Culnan, Clegg, Ed McDonnell and Howell promised to convey to the defendant such interest in the ditch and the right to the use in the waters therein as might be necessary to irrigate the 50 acres of ground before mentioned; that in 1887, the defendant took possession of the lands so purchased by him and commenced to use the waters in the ditch, and has used the same every year since, and for more than five years has been in quiet and peaceable possession of as much of the water as was necessary to successfully irrigate his 50 acres of ground. Defendant prayed for a decree adjudging him to be entitled to the use of 75 inches of water flowing in the plaintiffs' said ditch, and that plaintiff be enjoined from interfering with his right to the use of the same.

The replication denied all the new matter set up in the an-

swer.   Special issues were submitted to the jury.   The jury found that Culnan and Howell appropriated certain of the waters of Big Spring Creek in 1884, but that the appropriation did not amount to one thousand inches.   It was also found that the plaintiffs, in May, 1890, made an additional appropriation by enlargement of the original ditch of Culnan and Howell, but that this appropriation did not amount to fifteen hundred inches.   They found that defendant diverted the water from the plaintiffs' ditch in August, 1892, and thereafter, but that there were no damages done.   In answer to the question submitted whether Culnan, Clegg, Ed McDonnell and Howell made an agreement with Harris in 1884, by the terms of which agreement Harris permitted the above named parties to construct a ditch across the land of Harris in consideration that Harris should have the use of sufficient water to irrigate the land below the ditch, the jury replied "Yes," that there was such an agreement made with Thomas Culnan under which Harris was entitled to $37\frac{1}{2}$ inches of water.   They found against the defendant upon the issue of adverse possession.

Thereafter the court adopted the findings of the jury, after modifying the one relating to the diversion by the defendant, so that the finding was to the effect that the defendant did divert the water, but did not wrongfully divert it.

A decree was entered in favor of the defendant adjudging him the owner of a sufficient interest in the plaintiffs' ditch to convey $37\frac{1}{2}$ inches of water from the point where the water is diverted from Big Spring Creek down to the point where the defendant diverts the same upon his lands.   The plaintiffs moved for a new trial upon the ground that the evidence was insufficient to sustain the findings and decision of the court; and upon errors of law.   The motion for a new trial was overruled, and from the order overruling the said motion and from the judgment the plaintiffs appeal.

*William M. Blackford* and *F. A. Stranahan,* for Appellants.

*Von Tobel & Cheadle,* for Respondent.

HUNT, J.—We will not encumber this opinion with a lengthy statement of the testimony in the case. A brief recital of the evidence upon which the district court and the jury founded their conclusions is sufficient.

From 1883 to 1886 Joel A. Harris owned a tract of land, afterwards sold to this defendant. In 1883 J. W. Howell built a small ditch across Harris' land to irrigate his own garden. In 1884 Thomas Culnan, J. T. Clegg and E. McDonnell proposed to build another ditch across Harris' land above, but parallel to, the original Howell ditch. About the time that Culnan, Clegg and McDonnell commenced their proposed ditch, Harris went to them, and speaking particularly to Culnan, McDonnell and Howell, objected to their taking out another ditch. Harris told them there was another ditch below and they ought to unite on the one ditch and not cut his place up. Culnan explained to Harris that there had been some disagreement between Howell and themselves concerning the rights in the other ditch, to which Harris replied that he was not going to have his ranch cut up by ditches because of a squabble among themselves. After some further conversation Harris told them that if they wished to construct a ditch through his land he wished what water he needed for the land below the ditch and that would be all the damages he would ask. They agreed upon this. The appellants now contend that Harris' statement had relation only to the ditch which Culnan, Clegg and McDonnell were commencing to dig; but the court and jury believed that the point of Harris' objections was to digging two ditches through his land, and that when he referred to uniting upon one ditch he referred to an enlargement of the Howell ditch—the one from which he could divert the water to his land. It certainly appears that the advice of Harris was acted upon, for the ditch constructed was the old Howell ditch, and it was through the same that water was conducted by the plaintiffs thereafter. In 1886, before and after defendant purchased of Harris, certain wit-

nesses conversed with several of the men who had constructed the enlarged Culnan-Howell ditch, and who owned interests therein. These persons admitted that the purchaser of Harris' land was entitled to irrigate his land lying below the ditch by water from the ditch, thus recognizing the agreement which had been made with Harris, the grantor of defendant Glancy. When it was suggested to several of the owners that the purchaser would like a title by deed in writing, they said that they had nothing to show themselves and could not therefore give any title other than the right to go on and use the water as the purchaser might desire as the water, under the agreement with Harris, went with the ranch to irrigate whatever land was below the ditch. The defendant Glancy testified that two of the persons interested in the ditch had offered him $75 to relinquish his right to the same, and that another of the plaintiffs had told him, when there was some difficulty about the water in 1887, that when they had put the ditch through Harris' ground, they had agreed to give to Harris the necessary water to irrigate what land lay below the ditch as a consideration for the right of way through his premises.

Without further recapitulating the testimony, we think the findings are fully sustained by the evidence and that it appears the ditch now in use, and concerning which this action arose, is the identical one which was constructed as the result of the agreement between Harris and the plaintiffs, and that frequently after its construction, at divers times and to different persons, plaintiffs recognized the right of Harris, and permitted Glancy to purchase the land of Harris fully knowing of the agreement that had been made between themselves and Harris.

Appellants stand in one of two positions. If they enlarged the Howel ditch without Harris' consent, upon their own showing they were trespassers without legal right to maintain their ditch at all. Hence they would have no standing in a court of equity seeking to enjoin the right of the use of any waters by the person who owned the lands over which they

had unlawfully constructed their ditch. (*Emerson* v. *Eldorado Ditch Co.*, 18 Mont. 247.)

On the other hand, if they built the ditch with Harris' consent, such authority was clearly only obtained in consideration of the right of Harris to use enough water to irrigate those portions of his land lying below the ditch; therefore Harris' rights as well as plaintiffs', should be protected. The construction and use of the Howel ditch by the appellants tend to sustain the existence of the agreement as contended for by respondent, and to prove that it was in pursuance of that agreement and in consideration thereof that the plaintiffs were enjoying their rights, without having first proceeded in eminent domain. The admissions of the plaintiffs also strengthen this deduction.

The facts, like those in *Flickinger* v. *Shaw*, 87 Cal. 126, invest the whole transaction with the character of a purchase and sale. The plaintiffs bought and Harris sold a right of way for a valuable consideration, and because of the relations of the parties the case is at once distinguished from that of *Fabian* v. *Collins*, 3 Mont. 215, where the legal relations of the parties were likened to those existing between a landlord and tenant, and where the privilege to use water under a license was held to be one limited strictly to the original parties not to be sold and transferred by the original licensees.

Harris' right to the use of the water to irrigate his land being established, he had a right to convey the same to respondent Glancy, and the conveyance to Glancy of the land with its appurtenances also conveyed Harris' interest in the ditch and water right, which was necessary to the cultivation, use and enjoyment of the land, just as fully as if Harris had described it in express terms in the deed itself. This is the established law of this state and is decisive of respondent's rights. (*Tucker* v. *Jones*, 8 Mont. 225; *Sweetland* v. *Olson*, 11 Mont. 27.)

It is argued that because the evidence fails to show an actual use of the water for two years by Harris before he sold to Glancy, his right of use or his interest in the ditch and water

right did not become an appurtenant.   No abandonment was relied upon; nor was it pretended that Harris intended to relinquish his rights at any time after he became possessed of them.   On the contrary, he sold his lands to Glancy for a valuable consideration, and that water was necessary to the successful cultivation of the lands is a conceded fact.   Mere non-user of a water right is not an abandonment.   The Montana decisions upon that point are collated in *Smith* v. *Hope Mining Co.*, 18 Mont. 432.

There is nothing in the facts of the case to remove it from within the general rule that the water was a necessary appurtenance of the principal estate, and that in conveying the latter, as a matter of law and fact, the former was conveyed.

Appellants object to the omission of the court to make findings upon the amount of the respective appropriations in the years 1884 and 1890 of the waters of Big Spring Creek flowing through appellants' ditch.   This issue became an immaterial one to the main controversy, for no rights of priority between appellants and respondent were involved.   The evidence was so meagre upon the extent of the exact appropriations that the court and jury evidently found difficulty in making a specific finding.   However, the privilege was accorded plaintiffs of introducing further testimony upon the point before the court adopted the findings of the jury, but the offer was declined. Under these circumstances plaintiffs cannot complain.

None of the other errors assigned are well taken.   Judgment and order affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.   DE WITT, J., not sitting.