JOHN CARMAN, RESPONDENT, *v.* GEO. STAUDAKER, APPELLANT.

[Submitted Dec. 6, 1897. Decided Jan. 10, 1898.]

*Deed—Appurtenances—Oral Evidence.*

DEFENDANT having conveyed to the plaintiff by a deed a one-third interest in a ditch and water right "with the appurtenances," the plaintiff, in an action for trespass, claimed to own two side or lateral ditches connected with the main ditch; these ditches were not mentioned in the deed, and it did not appear from the deed that either of the side ditches was necessary to the enjoyment of the right acquired by plaintiff in the main ditch. *Held*, that it was error to hold as matter of law that the two side ditches were included in the deed—also that it was error to reject oral evidence offered by defendant to show that the two side ditches were not appurtenant to the main ditch.

*Appeal from District Court, Beaverhead county.     Frank Showers, Judge.*

ACTION by John Carman against George Staudaker for trespass.   From a judgment for plaintiff, and an order refusing a new trial, defendant appeals.   Reversed.

Statement of the case by the justice delivering the opinion.

This is an action to recover  damages for injuries and trespasses alleged  to have  been  committed  by  the  defendant to and upon certain ditches situated in Beaverhead county, which the plaintiff claims  to  own, and  also  to enjoin the defendant from the commission of  further  threatened injuries and trespasses to and upon the same.

It appears from the  record  that  in  the year 1885 plaintiff purchased from the defendant,  by quitclaim deed, a one-third interest in a certain irrigating ditch, of the capacity of  1,000 inches,  which ditch taps the Beaverhead river, in Beaverhead county, conveying the  water  of  said river  to and upon the land of the plaintiff, as well as that of  the defendant.    It also appears that, at the time of  the purchase  of  said interest in said ditch, there were two side or lateral ditches,—one on the east and one on the west side of  the main ditch,—a one-third interest of which plaintiff purchased from the defendant.  The plaintiff in this case claims that,  by virtue of the terms of  the quitclaim deed made by the  defendant to him of the one-third interest in  the  main  ditch  mentioned  above, he  became the sole owner  of  the said two  side  or  lateral ditches; and this suit is brought for damages for injuries and trespasses alleged to have  been  committed  by  the  defendant upon  said side or lateral ditches.    These two side or lateral ditches are not mentioned in the quitclaim deed, aforesaid, but the plaintiff claims to be the owner thereof, upon the  ground or theory that said two lateral ditches were and are  appurtenances of  said main ditch, a one-third interest of  which he purchased of  defendant, as aforesaid.

The case was tried  with  a  jury, who  found a general ver-

dict, and made certain findings of fact in favor of plaintiff, upon which findings judgment was rendered by the court in favor of plaintiff.

During the trial the defendant sought to prove by proper evidence that two side or lateral ditches, claimed by the plaintiff as appurtenances to the main ditch were not appurtenances thereto, and were not included in or transferred by the quitclaim deed made by the defendant to the plaintiff for the one-third interest in the main ditch mentioned above. This evidence the court excluded, and proceeded with the trial upon the theory that by the terms of the quitclaim deed, aforesaid, to the one-third interest in the main ditch, the two side or lateral ditches mentioned, and about which this controversy exists, were appurtenances to the main ditch, aforesaid; and upon this theory the court approved the findings and verdict of the jury, and rendered judgment for the plaintiff.   From an order refusing a new trial, and from the judgment herein, the defendant appeals.

*W. S. Barbour, Smith & Word,* and *T. E. Harvey,* for Appellant.

*Burleigh & Willis,* for Respondent.

PEMBERTON, C. J.—The only question presented by this appeal is as to whether the District Court erred in excluding the evidence offered by the defendant to prove that the two lateral ditches in controversy were not appurtenances to the main ditch, a one-third interest in which the plaintiff purchased of defendant, as shown in the statement of the case.

The lateral ditches are not mentioned in the deed executed by defendant to plaintiff for the one-third interest in the main ditch.   The District Court, however, excluded the evidence offered to show that such ditches were not appurtences to the main ditch, and found, as a matter of law, that such lateral ditches were appurtenances to the main ditch, by the terms of the deed to the one-third interest therein.   We think this was error.   It does not, in our opinion, appear from the

terms of the deed of defendant to plaintiff of a one-third interest in the main ditch mentioned therein, that these lateral ditches, or either of them, are necessarily appurtenant to the interest the plaintiff purchased in the main ditch. It does not appear from the terms of the deed in question that the lateral ditches, or either of them, were essential or necessary to the enjoyment of the rights acquired by plaintiff by the purchase of one-third interest in the main ditch. It does not appear from the deed that such lateral ditches were or are even conveniences in the use of the rights acquired by plaintiff by his purchase of an interest in the main ditch.

As none of these things appear upon the face of the deed in question, and which we think ought to appear, either expressly or by implication, and as the evidence offered and excluded was not intended to contradict or alter the terms of the deed, we think the court erred in excluding it, and finding, as a matter of law, that the lateral ditches were appurtenaces to the rights of plaintiff acquired by the deed to the interest in the main ditch.

The judgment and order appealed from are reversed, and the cause is remanded for new trial.

*Reversed and Remanded.*

HUNT and PIGGOTT, JJ., concur.