SMITH, APPELLANT, *v.* DENNIFF, RESPONDENT.

[No. 1,118.]

[Submitted May 3, 1899.  Decided June 12, 1899.]

*Appeal—Briefs—Rules of Supreme Court — Water Right— Appurtenance—Sale Under Mortgage.*

1. A brief filed by appellant, which does not, in the statement of the case, make appropriate references to the transcript, showing where therein evidence of witnesses or pleadings are to be found. or which does not specify errors complained of in accordance with Supreme Court Rule 5, is so defective as to justify the court in dismissing the appeal.

*Obiter:* In the future, the failure of the appellant to meet every requirement of the rules of the Supreme Court touching briefs will be sufficient cause for dismissal of the appeal.

2. The appropriation of a water right from a creek on the public domain for the purpose of irrigating a certain parcel of land, by a person who has no title to said land, but is in rightful possession of said land under a contract with the owner thereof, and the conducting by him of the water so appropriated by means of a ditch to said land, and its continuous use thereon, constitutes such water right and ditch —— in the absence of a segregation, change of possession, or diversion of the water by the owner thereof to a use other than that for which it was appropriated, or an intention to do so, and there being no agreement between the owner of the water right and the owner of the land upon which the water right was used by which it might be severed from said land —— an incident to the ownership of the land on which it is used, and an appurtenance thereto which none but the owner of said land can convey or sell, and a purchaser at a foreclosure sale of a mortgage of the land, "together with all the water ditches and water rights therewith usually had and enjoyed," made by the owner of the water right, does not acquire any right or title to said water right.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION by Matthew Smith against John J. Denniff. From a judgment in favor of defendant, plaintiff appealed. Affirmed.

*Mr. G. B. Winston* and *Mr. W. H Trippet,* for Appellant.

*Mr. H. R. Whitehill,* for Respondent.

**MR. JUSTICE PIGOTT** delivered the opinion of the court.

Action to quiet title in plaintiff to a water right and ditch, and to enjoin the defendant from diverting water from the latter. Trial was by the court without a jury. From a judg-

ment entered upon the sustaining of· a motion for a nonsuit interposed at the conclusion of the evidence for the plaintiff, he appeals.

1.   The brief of the appellant is one that should not have been filed in this court.   In the statement of the case the only references made to the transcript are those giving the pages on which the complaint and the substance of a certain judgment roll are transcribed.   No reference is made to the transcript for the answer, reply, motion for nonsuit, or judgment. Although several witnesses were examined, the statement fails to show where their testimony may be found.   The only error claimed to have been committed is the granting of the nonsuit, and even this is not specified in accordance with the requirements of Rule V. (44 Pac. vii.) of this court, as interpreted in *Babcock* v. *Caldwell*, 22 Mont. 460, 56 Pac. 1081. We would be justified in dismissing the appeal for the foregoing reasons, but have decided to entertain it in view of the fact that the brief is not as defective as were those in *Anderson* v. *Carlson*, 23 Mont. 43, 57 Pac. 439, and cases there cited, where the appeals were dismissed for lack of proper briefs.   In the future, however, the failure of the appellant to meet every requirement of the rules touching briefs will be sufficient cause for dismissal.

2.   In the years 1882 and 1883 a certain ditch was constructed, and through it a water right appropriated out of Cross creek, in the county of Deer Lodge, of which ditch and water right one Oscar Cosins owned an undivided eighth interest.   Cosins appropriated the water for the purpose of using it on the N. E. ¼ and the N. ½ of the S. E. ¼ of section 17, in township 5 N., of range 10 W., on which he was living, and of which he was in possession under a contract therefor with the Northern Pacific Railroad Company.   The water so appropriated was carried upon said land by Cosins, and there used to irrigate the same, it being arid land, and the water being necessary to produce a crop thereon.   His brother, one H. C. Cosins, was a joint appropriator, and owned another undivided eighth in the water right and ditch, and was cultiv-

ating a portion of section 16 in the same township. For several years the two brothers used the water to which they were entitled to irrigate the lands of both, but afterwards each brother diverted the water to the use of which he was entitled from a seperate ditch, and from that time the water was not used in common, but each brother used his water upon the land for which it had been appropriated. Thereafter Oscar Cosins mortgaged the land occupied by him in section 17, and belonging to the Northern Pacific Railroad Company, ''together with all the water ditches and water rights therewith usually had and enjoyed,'' to the Estes & Connell Mercantile Company, to secure the payment of a debt owing by Cosins to the mortgagee. The plaintiff, as assignee of the mortgage, foreclosed, and at the sheriff's sale purchased all the right, title and interest of Oscar Cosins in and to said land and water right of Oscar Cosins. After the sheriff's deed was executed to the plaintiff, he endeavored to divert the water, but was prevented from so doing by the defendant, who for several years had been, and was then, in possession of and cultivating and occupying the land in section 17 formerly possessed by Oscar Cosins, and then and now owned by the Northern Pacific Railroad Company. It appears that the plaintiff made no claim at the trial of title, possession of, or right of possession to that land. It further appears that the water appropriated by Oscar Cosins was never used by plaintiff, nor has plaintiff ever been in possession or control of the water appropriated by Oscar Cosins. The plaintiff concedes that no right or title of any kind in or to the land described in the sheriff's deed passed to him. The evidence shows that the water right of Oscar Cosins was appurtenant to the land belonging to the Northern Pacific Railroad Company, under which company he held possession. The contention of the plaintiff is that the water right is not an appurtenant to the land for which it was appropriated. But, as already remarked, we think that the proof clearly shows the contrary. The water was appropriated for the express purpose of irrigating a certain parcel of the land. It was actually so used continuously, and was nec-

essary to the cultivation and enjoyment thereof, and was, therefore, an appurtenance. (*Tucker* v. *Jones*, 8 Mont. 225, 19 Pac. 571; *Sweetland* v. *Olson*, 11 Mont. 27, 27 Pac. 339; *Beatty* v. *Murray Placer Mining Co.*, 15 Mont. 314, 39 Pac. 82; *Carman* v. *Staudaker*, 20 Mont. 364, 51 Pac. 738; *Sloan* v. *Glancy*, 19 Mont. 70, 47 Pac. 334; Civil Code, § 1078; *Crooker* v. *Benton*, 93 Cal. 365, 28 Pac. 953.) Title to an appurtenance passes by a conveyance of that to which it is appurtenant. The owner of the land may sell it to one person, reserving, by apt words, the appurtenant water right; or he may sell the water right to one person and the soil itself to another; but, unless there be a clear intention to seperate the appurtenant (the incident) from the land (the principal), there can be no seperation, and a grant of the land carries with it necessarily the appurtenance. None but the owner of the land may convey or sell the appurtenance. In the case at bar Cosins had no title to the land, and therefore could convey neither land nor appurtenance. Nor is there evidence tending to show any intention on the part of Cosins to mortgage the water right independently of, or as distant from, the land to which he had no title. Whatever the effect of such intention might have been had it existed, and an attempt made to effectuate it, it is evident that the conveyance by mortgage of the land included the water right as a mere appurtenance or incident. It certainly needs no argument beyond this statement to show that Cosins could convey no interest of any description in the land of the Northern Pacific Railroad Company. Such attempted conveyance by mortgage was ineffectual. The land is not part of the public domain. It is land owned by a private person—the railroad company,—and that company and those holding under it own the land with the appurtenances. When there has been no segregation, change of possession, or diversion of the water by the owner to a use other than that for which it was appropriated, nor intention to do so, the water right remains an incident to the ownership of the land, although the water was appropriated by a tenant in possession, and by him made an appurtenance to the land,

there being no agreement between the tenant and the owner by which the water right might be severed by the tenant from the land to which it is appurtenant. The plaintiff, in order to recover, must show title in himself to the water right. He must rely upon the strength of his title, not upon the weakness of that of his adversary. He has failed to prove any title to the water right or any use of the water. By virtue of a contract with the railroad company, Oscar Cosins was in the rightful possession of certain land then and now owned by it. While so in possession he appropriated water, the right to the use of which became appurtenant to the land. There is no proof of any agreement, either express or implied, that the water right might be seperated from the land, and held by Cosins as property distinct from that to which it was appurtenant; and, in the absence of such proof, the presumption is that the owner of the land is the owner of the appurtenance. Cosins having no title whatever to the land, did not grant to the plaintiff the appurtenant water right which, without the owner's consent to a severance from the land, remains an inseperable incident thereto. The defendant is in rightful possession of the land formerly occupied by Oscar Cosins, and is using the water thereon. *Smith* v. *Logan*, 18 Nev. 149, 1 Pac. 678, is cited by plaintiff as supporting his contention. The case is not in point.

The motion for a nonsuit was rightly granted, and the judgment for the defendant was correct, and is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY, being disqualified, took no part in this decision.