## MORGAN v. ROGERS et al.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

No. 839.

1. LAND GRANTS—PATENTS—CONDITIONS SUBSEQUENT.

The act of May 21, 1872, to enable the city of Denver to purchase certain land in Colorado for cemetery purposes, and authorizing the mayor of the city to enter the designated 160 acres at the land office at the minimum price, to be held and used as a burial place by said city and vicinity, did not operate to annex any condition to the grant so authorized; and as the patent issued pursuant thereto conveyed the title absolutely, without mention of any use, a condition subsequent will not be implied, and the subsequent appropriation of the land to other purposes than that expected does not work a forfeiture.

2. SAME.

After the government has parted with the absolute title to land, it cannot annex any condition to that title, nor limit the use to which the land may be devoted. And especially is this true after the title has passed from the original grantee to others.

3. SAME—NAKED TRUST.

Where a city, by its charter, was empowered, in its corporate name, to acquire and hold the title to lands for public purposes, and to sell and convey the same, the grant by a patent to the mayor of the city in trust for the city, and to his successors and assigns forever, created a mere naked, passive trust, under which the entire beneficial use, possession, and control vested at once and absolutely in the city, as, under the English statute of uses, which is part of the common law in this country, the use was executed on the delivery of the patent.

79 F.—37

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action of ejectment brought by Platt Rogers, as mayor of the city of Denver, and the city of Denver, against Samuel B. Morgan. Judgment was rendered in favor of plaintiffs upon demurrer to the answer, and defendant brought this writ of error.

Willard Teller (H. M. Orahood and E. B. Morgan with him on the brief), for plaintiff in error.

F. A. Williams (G. Q. Richmond with him on the brief), for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge. This is an action of ejectment brought by the defendants in error against the plaintiff in error and numerous other persons to recover the possession of the S. ½ of the N. E. ¼ of the S. E. ¼ of section 2 in township 4 S., of range 68 W., in the county of Arapahoe and state of Colorado, and comes here by writ of error to review the judgment of the circuit court rendered in favor of the plaintiffs below against the defendant, Morgan, upon demurrer to his answer to the plaintiff's complaint. The complaint alleges that by virtue of an act of congress approved May 21, 1872 (17 Stat. 140), a patent of the United States, on November 15, 1873, was duly issued, conveying to Joseph E. Bates, mayor of the city of Denver, and to his successors and assigns forever, lands described, including the land aforesaid, in trust for the city of Denver. This patent was recorded March 26, 1875, in the office of the register of deeds of said county, and the defendants have entered upon and occupied the land in question. The answer of defendant Morgan admits the entry upon and occupation by the defendants of the land in dispute, and sets out in full the act of congress of May 21, 1872, referred to in the complaint, the title of which is, "An act to enable the city of Denver to purchase certain lands in Colorado for cemetery purposes." It enacts "that the mayor of the city of Denver, Colorado territory, be, and is hereby authorized to enter through the proper land office, at the minimum price per acre, the following lands belonging to the United States [description], being 160 acres of land lying adjacent to the city of Denver, to be held and used as a burial place for the said city and vicinity." The answer then sets out a copy of the patent, which, after reciting payment for the lands made by Joseph E. Bates, mayor, in trust for the city of Denver, grants "unto said Bates, mayor, in trust for said city, and to his successors, the said tract." Habendum: "Unto said Bates, mayor, in trust for the city of Denver, and to his successors and assigns forever." The patent contains no reference to the act of May 21, 1872, nor any reference to any use of the land. The answer also sets out in full another act of congress of January 25, 1890, which refers to the previous act of May 21, 1872, and corrects an error in the description of a part of the land (not affecting the land in

question), and confirms the patent, which contained a correct description, and provides "that the city of Denver be, and it is hereby authorized to vacate the use of the said land, or any part thereof, as a cemetery, and to appropriate the use of the same for a public park or grounds, and to no other purpose." The answer further sets forth that upon the petition of the Right Reverend Joseph P. Machebeuf, catholic bishop of the diocese of Denver, representing that the N. E. ¼ of the S. E. ¼ of section 2, township 4, range 68, had been used by the members of the Catholic Church of Denver and Arapahoe county as a burial place since 1863, and asking that the same land be conveyed to him, the said bishop and his successors in office, the city of Denver, by its mayor, by deed duly executed pursuant to vote of the city council of the said city of Denver, in consideration of $50 then paid therefor, conveyed the land last above described to said Joseph B. Machebeuf, his heirs and assigns forever, which deed was duly recorded in the records of said county, February 7, 1874. The answer further avers that on April 25, 1887, the said Joseph P. Machebeuf, by deed, conveyed to said defendant, Morgan, the land in dispute, for the consideration of $20,000, and that on May 2, 1887, the Colorado Catholic Loan & Trust Association, to whom Machebeuf had previously conveyed the same land, also deeded the same to said Morgan, who entered thereon, and platted the same as an addition to the city of Denver, and that the other defendants hold through conveyances of lots from said Morgan, and that the city of Denver levied and collected taxes on said lots for the four years from 1888 to 1891, inclusive.

1. The act of congress of May 21, 1872, to enable the city of Denver to purchase certain land in Colorado for cemetery purposes, and authorizing the mayor of the city of Denver to enter the designated 160 acres at the land office at the minimum price, to be held and used as a burial place by said city and vicinity, did not operate to annex any condition to the grant so authorized. Conditions subsequent are not favored, and the terms used must clearly show that it was intended that the grant should be on condition, or they will not be construed to have that effect. In this case, although the use to which it was expected the land would be put is mentioned, it is rather as an explanation of the reason for permitting such an unusual entry of the land by a municipal corporation, than for any other purpose. There are no words restricting the use to that mentioned, nor providing for forfeiture in case the land is put to other use.

2. The patent by which the title to this land was conveyed conveys the land absolutely, in fee, and without mention of any use whatever.

3. The later act of June 25, 1890, in terms, confirms and approves this patent; and the act was operative further in correcting a mistaken description in the former act, which had been corrected in the patent, and which affected another tract, and not the land here in dispute. The provision of this later act as to the use to which the land might be put is inoperative. After the government had parted

with the· absolute title to· the land, congress could not annex any condition to that title, nor limit the use to which the land might be devoted. Especially is this true as to the land in dispute here, as before the passage of that later act the title to such land had passed from the city of Denver by its deed to Machebeuf, and from Machebeuf to Morgan and his grantees.

4. The patent of November 15, 1873, conveyed and vested the legal title to the land described in the city of Denver, and not in Joseph E. Bates, the mayor, and his successors. Under the provisions of the charter of the city of Denver quoted in the answer in this case, the city of Denver was empowered, in its corporate name, to acquire and hold the title to lands for public purposes, and to sell · and convey the same. It was under no disability, therefore, in respect to the power to receive and hold the title to the land conveyed by this patent. Although the grant by the patent was in terms to "said Bates, mayor, in trust for the city of Denver, and to his successors and assigns forever," such trust was a mere naked, passive trust, under which the entire beneficial use, possession, and control vested at once and absolutely in the city of Denver. Under the English statute of uses (27 Hen. VIII. c. 10), which is part of the common law in this country, the use was executed on the delivery of the patent, and the complete legal title, at law and in equity, passed at once to, and vested in, the city of Denver, as the cestui que use.

5. It follows that, if the allegations of the answer are true, the title to the land in question passed by the deed of the city of Denver to Machebeuf, and from Machebeuf, by deed, to Morgan. The demurrer should have been overruled. The judgment is therefore reversed, and the cause remanded for further proceedings.