## UNITED STATES v. HEINRICH.

(District Court, D. Montana. February 25, 1926.)

1. Indians ⬅️14—Patents issued to Indians held to include water and ditch rights appurtenant to land, though not expressly mentioned therein (Act Feb. 8, 1887 [24 Stat. 388], as amended by Act May 8, 1906 [34 Stat. 182]).

Patents issued to Indians under Act Feb. 8, 1887 (24 Stat. 388), as amended by Act May 8, 1906 (34 Stat. 182), providing for vesting absolute title in Indians competent to manage their own affairs, held to include water and ditch rights appurtenant to land, though not expressly mentioned therein.

2. Constitutional law ⬅️92.

Rights are "vested" when right to enjoyment, present or prospective, has become

property of some particular person or persons as a present interest.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vest.]

3. **Indians ⬤☞10—Indian's right of property cannot be impaired by statute, even while he is subject to guardianship of United States.**

Indian's right of property is not subject to impairment by legislative action, even while he is a member of a tribe subject to guardianship of United States as to his political and personal status.

4. **Constitutional law ⬤☞93(1)—Titles confirmed by authorized agents of government and rights created by carrying statute into effect may not be nullified, devested, or impaired; but contrary is true where rights have not vested when subsequent statute is approved.**

Titles confirmed many years before by authorized agents of the government may not be nullified, and rights created by carrying statute into effect cannot be devested or impaired; but the contrary is true where nothing has been done under prior act, and no vested right has attached at time of approval of later statute.

5. **Constitutional law ⬤☞278(1).**

No act of Congress or legislative fiat, whereby vested right or title may be seriously impaired or destroyed, constitutes due process of law.

6. **Constitutional law ⬤☞289—Statute requiring owners of land irrigated by Crow Indian ditches to repay proportionate part of construction costs of irrigation works to Crow Tribe held invalid, as destroying or impairing, without due process, rights which vested under prior statutes (Act June 4, 1920, § 8 [41 Stat. 751]; Const. Amend. 5; Act Feb. 8, 1887 [24 Stat. 388], as amended by Act May 8, 1906 [34 Stat. 182]).**

Act June 4, 1920, § 8 (41 Stat. 751), requiring owners of lands irrigated from Crow irrigation ditches constructed with Crow tribal funds to repay to Crow Tribe their proportionate part of construction costs of irrigation works, *held* violative of Const. Amend. 5, as destroying, impairing, or injuriously affecting without due process of law rights which vested in owner under Act Feb. 8, 1887 (24 Stat. 388), as amended by Act May 8, 1906 (34 Stat. 182), previously enacted.

At Law. Action by the United States against Frank M. Heinrich. Judgment for defendant.

John L. Slattery, U. S. Atty., of Great Falls, Mont., and Ethelbert Ward, Sp. Asst. Atty. Gen.

Johnston, Coleman & Johnston, of Billings, Mont., for defendant.

PRAY, District Judge. This is an action at law on the part of the government to collect, from the defendant, construction costs of irrigation works supplying water to his lands, as a personal charge against the defendant as owner of such lands. Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, which is the question for consideration. This action, according to counsel for the government, is based largely upon the Act of Congress of June 4, 1920 (41 Stat. 751), and especially upon section 8 thereof. Under this act all owners of lands irrigated from the Crow Indian ditches constructed with the Crow tribal funds are required to repay to the Crow Tribe their proportionate part of the construction costs of the irrigation works by which their lands are irrigated.

The most important question raised in defendant's brief relates to the constitutionality of the Act of June 4, 1920. Whether the proper remedy is through an action at law or suit in equity is another matter presented, and which may or may not become material at this time. From a perusal of the various acts of Congress relating thereto, it is found that the irrigation works of the Crow irrigation project, so called, were constructed by the United States with the Crow tribal funds by agreement with the Crow Tribe.

The acts of February 8, 1887 (24 Stat. 388), and of May 8, 1906 (34 Stat. 182), are general allotment statutes, and the latter act, which is an amendment of the former, authorizes the Secretary of the Interior to issue fee-simple patents, without restrictions as to alienation, to Indians who are competent and capable of managing their own affairs, and further that, upon the death of any Indian allottee before the expiration of the trust period, the land reverts to the United States, and patent to the same may be issued to the heirs of the deceased allottee, or the land may be sold and proceeds paid to the Indian heirs.

The defendant acquired title to the lands in question under this act, which does not provide for any reservation, exception, or restriction in patents issued under it. Patents issued under this law, mentioned in the complaint and in the briefs of counsel, appear to have vested in defendant absolute and unconditional title. Subsequent to the issuance of such patents, Congress enacted a law upon which this action is based.

[1] Such patents as were issued here would, without doubt, include the water and ditch rights appurtenant to the land, although not expressly mentioned therein. Brewer-Elliott Oil & Gas Co. v. United States, 260 U. S. 77, 43 S. Ct. 60, 67 L. Ed. 140; Hardin v. Jordan, 140 U. S. 371, 11 S. Ct. 808, 838, 35 L.

Ed. 428; Packer v. Bird, 137 U. S. 661, 11 S. Ct. 210, 34 L. Ed. 819; Smith v. Denniff, 23 Mont. 65, 57 P. 557, 50 L. R. A. 737; Tucker v. Jones, 8 Mont. 225, 19 P. 571; McDonnell v. Huffine, 44 Mont. 411, 120 P. 792. However, from the complaint and the briefs of counsel for the government, question as to whether such water and ditch rights were included in the patents does not appear to have been raised. This is an action to recover defendant's share of construction costs and charges. It is admitted by the government that notices of sale of the lands by the United States provided for a perpetual water right. It seems clear that the defendant is the owner of the lands, water, and ditch rights involved; therefore he contends that to compel him to pay cost of construction of the irrigation system is in direct violation of the Fifth Amendment to the Constitution of the United States, which provides, among other things, that "no person * * * shall be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation."

Plaintiff states that the act under consideration is remedial in its nature, and wholly for the protection of the Crow Tribe "in its prior and superior vested rights in the water reserved for the use of the tribe and in the irrigation works constructed for the tribe with tribal funds"; that to require defendant to pay his proportion of costs of construction is not a taking of his property without just compensation, and that "the retroactive and remedial act of June 4, 1920, is due process of law enacted by Congress for the protection of its Indian wards"; that the Constitution does not prohibit Congress from passing laws impairing the obligations of contracts, but does prohibit the states from doing so.

If, as I have held, the lands and water rights were conveyed to defendant under the aforesaid statute, would the fact that the government at that time had fixed a valuation of the land and water rights, as a basis of sale, in an amount which subsequently was considered to be an inadequate price, or had failed to include the full amount of the entire proportionate cost of construction, not then provided for by law, legally justify the passage of an act, many years after title had vested in defendant, requiring him to pay an additional purchase price, and, in default thereof, subjecting his land and water rights to sale under execution?

[2] Rights are said to be vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. Pearsall v. Ry. Co., 161 U. S. 646, 675, 16 S. Ct. 705, 40 L. Ed. 838. "A vested right is an immediate right of present enjoyment, or a present, fixed right of future enjoyment." 4 Kent, Comm. 202.

[3] An Indian's "right of private property is not subject to impairment by legislative action, even while he is, as a member of a tribe, subject to the guardianship of the United States as to his political and personal status." Choate v. Trapp, 224 U. S. 665, 32 S. Ct. 565, 56 L. Ed. 941.

[4, 5] Titles confirmed many years before by the authorized agents of the government may not be nullified, and rights created by carrying a statute into effect cannot be devested or impaired. Gritts v. Fisher, 224 U. S. 640, 32 S. Ct. 580, 56 L. Ed. 928; Reichert v. Felps, 6 Wall. 160, 18 L. Ed. 849; Sizemore v. Brady, 235 U. S. 441, 35 S. Ct. 135, 59 L. Ed. 308; U. S. v. Rowell, 243 U. S. 464, 37 S. Ct. 425, 61 L. Ed. 848. Otherwise, where nothing had been done by officers of the government under prior act, and matter remained executory, and no vested right had attached at the time of approval of later act. U. S. v. Stockslager, 129 U. S. 470, 9 S. Ct. 382, 32 L. Ed. 785. No act of Congress or legislative fiat constitutes due process of law, whereby a vested right in or title to property may be either seriously impaired or destroyed. Chase v. United States, 222 F. 593, 138 C. C. A. 117.

[6] Whether in this action or otherwise, I am quite certain that, if it should be made to appear that through an oversight the interests of the Indians in respect to their land and water rights on this reservation have not been adequately provided for, an appropriate remedy will be found; but my conclusion here is that Congress cannot enact a law that would destroy, impair, or injuriously affect rights that have vested under a former congressional enactment, and that to enforce the act of June 4, 1920, against the defendant and require him again to pay for his property would be in violation of the constitutional guaranty heretofore cited.

Accordingly the demurrer will have to be sustained. McGehee v. Mathis, 4 Wall. 143, 18 L. Ed. 314; Jones v. Meehan, 175 U. S. 1, 20 S. Ct. 1, 44 L. Ed. 49; Morgan v. Rogers, 79 F. 577, 25 C. C. A. 97; Bird v. Terry (C. C.) 129 F. 472.