LENSING, APPELLANT, *v.* DAY & HANSEN SECURITY CO. ET AL., RESPONDENTS.

(No. 5,198.)

(Submitted May 7, 1923. Decided May 26, 1923.)

[215 Pac. 999.]

*Quieting Title—Water Rights—Conveyances—Construction of Deed—Particular Provisions Control General One—Appurtenances.*

Water Rights—Pass With Conveyance of Land Unless Reserved.
    1. A water right, acquired by appropriation and used for a beneficial and necessary purpose in connection with a given tract of land, is an appurtenance thereto, and as such passes with the conveyance of the land, unless expressly reserved from the grant.

Same—Conveyance Apart from Land Permissible.
    2. A water right is property, which may be disposed of apart from the land on which it has been used.

Same—Construction of Deed—Particular Provision Controls General One.
    3. In the construction of a conveyance of a water right, as in other conveyances, the intent of the parties, so far as it has been lawfully expressed, must control, and when a general and a particular provision therein are inconsistent the latter is paramount, a particular intent controlling a general one inconsistent with it.

Same.
    4. Where a deed to a tract of farm land expressly conveyed a water right sufficient in amount to irrigate the acreage sold, all other rights theretofore used in connection with the land were impliedly excluded, and did not pass under the general appurtenance clause in the deed.

---

    1. Water rights as passing by conveyance of land, see note in 65 L. R. A. 409.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

ACTION by B. F. Lensing against the Day & Hansen Security Company and others to quiet title to certain water rights. Judgment for defendants, and plaintiff appeals. Affirmed.

*Mr. W. E. Keeley* and *Mr. S. P. Wilson,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

*Mr. I. R. Blaisdell* and *Mr. Edward Scharnikow,* for Respondents, submitted a brief; *Mr. Blaisdell* argued the cause orally.

MR. CHIEF COMMISSIONER FELT prepared the opinion for the court.

This is in effect an action to quiet the title to 250 inches of the waters of Your Name Creek, as being appurtenant to the lands described in the complaint. The plaintiff holds said lands under a deed executed by the Day & Hansen Security Company, one of the defendants herein, and delivered to the plaintiff on the thirty-first day of December, 1914. The granting clause of this deed, after describing the lands conveyed, continues: "Containing, according to the United States government survey, 291.50 acres, more or less, together with such proportion of vendor's water and water rights as decreed to William T. Day and John W. Blair, September 20, 1912, of Your Name Creek, as the average amount of water of said creek will equitably supply per acre to said land above described, now under the present ditch, considering the supply from said creek to be used equitably per acre upon 3,500 acres of land, * * * together with the tenements, hereditaments, and appurtenances thereunto belonging, or in any wise appertaining, with the exceptions and reservations hereinbefore stated." The plaintiff's grantor succeeded to the rights of William T. Day and John W. Blair, decreed under

date of September 12, 1920. This decree entitled them to the use of 1,400 inches of the waters of Your Name Creek, under certain conditions.

The plaintiff alleged in his complaint that about June 1, 1876, the predecessors in interest of plaintiff appropriated 250 miners' inches of the waters of Your Name Creek to the land now owned by plaintiff, and that by reason of the continuous use of the same said water became appurtenant to the land. His contention is that said amount of water was conveyed to him by implication under the general appurtenance clause in the deed. Testimony was offered in support of the plaintiff's complaint. The cause was submitted to the court sitting without a jury. No special findings were made, but judgment was rendered in favor of the defendants. The plaintiff has appealed from this judgment.

The only question presented by the appeal is a construction [1, 2] of the deed from the Day & Hansen Security Company to the plaintiff. The only phase of the case peculiar to water right litigation is that a water right acquired by appropriation, and used for a beneficial and necessary purpose in connection with a given tract of land, is an appurtenance thereto, and as such passes with a conveyance of the land, unless expressly reserved from the grant. That such is the law of this state was held in *Sweetland* v. *Olsen,* 11 Mont. 27, 27 Pac. 339. It has also been held by this court that a water right is property which may be disposed of apart from the land on which it has been used. (*Smith* v. *Denniff,* 24 Mont. 20, 81 Am. St. Rep. 408, 60 Pac. 398, *Id.,* 23 Mont. 65, 50 L. R. A. 741, 57 Pac. 557.)

In a conveyance of a water right or any other property, [3] it is the intention of the parties, so far as the same has been lawfully expressed, which must control the courts in a construction of the instrument by which the property is conveyed. The general rules of construction of legal documents apply to the instrument now under consideration. The fact

that a water right is involved does not add to or in any way change those rules.

Section 10520, Revised Codes of 1921, provides: "In the construction of a statute the intention of the legislature, and in the construction of the instrument the intention of the parties, is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it."

By the deed in question a definite and specific water right [4] was conveyed to the plaintiff. The amount he was to receive under this grant was easily ascertainable. The specific grant conveys to him a little less than 160 inches. He claims that by an implied grant under the general appurtenance clause in the deed he acquired a right to 250 inches. By implication and construction he would make the contract materially different from that expressly made by the parties.

Section 7547, Revised Codes of 1921, provides: "All things that in law or usage are considered as incidental to a contract, or as necessary to carry it into effect, are implied therefrom, unless some of them are expressly mentioned therein, when all other things of the same class are deemed to be excluded." The deed in this case, having expressly mentioned the water right to be conveyed, under the authority of the foregoing section, all other water rights must be held to have been excluded.

We recommend that the judgment be affirmed.

Per Curiam: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*