YELLOWSTONE VALLEY CO., Respondent, v. ASSOCIATED MORTGAGE INVESTORS, INC., et al., Appellants.

(No. 6,658.)

(Submitted June 25, 1930. Decided July 18, 1930.)

[290 Pac. 255.]

*Messrs. Brown & Jones,* for Appellants,, submitted a brief; *Mr. Robert N. Jones* argued the cause orally.

*Mr. Albert Anderson* and *Mr. H. C. Crippen,* for Respondent, submitted a brief; *Mr. Anderson* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In 1919 the Yellowstone Valley Company, a Montana corporation, referred to hereafter as the plaintiff, owned two tracts of land in Yellowstone county; also two certificates, one for sixteen shares and one for fifty shares, of the capital stock of the Big Ditch Company. For more than thirty years, and long before the incorporation of the Big Ditch Company, which was organized for the purpose of extending, enlarging and maintaining an irrigation ditch or canal formerly belonging to the Minnesota Land and Improvement Company, the two tracts were irrigated by water delivered from the canal to ditches owned by plaintiff and its predecessors in interest. Plaintiff's right to use the water rested upon the ownership of the shares of stock; in fact, the respective owners of the tracts of land at all times owned the stock in conjunction with the lands, and the lands have been continuously irrigated by the water which the stock represents. The Big Ditch Company does not derive any profits from its operations; it furnishes water to its stockholders at cost, the expense thereof being provided by assessments upon the capital stock. It does not own the laterals carrying water from its main canal to the land where the water is used; such laterals being owned and maintained by the land owners.

During the year 1919 plaintiff, to secure loans, executed three mortgages, called for convenience first, second and third, upon the lands to Associated Mortgage Investors, Inc., a New York corporation (or to those that company represented as agent). Associated Mortgage Investors will be referred to as the defendant. All of the mortgages contained the following provision: "Also all water, water rights, ditches, dams, pumps, pipe lines and hydraulic machinery, reservoir sites, aqueducts, appropriations and franchises upon, leading to, connected with

or usually had and enjoyed in connection with the herein described premises, and each and every part or parcel thereof, whether represented by shares of the capital stock of ditch or water companies or by direct ownership, or otherwise, which are now owned, or which may have been or shall hereafter be acquired during the existence of this mortgage, and used in connection with the said described premises, or any part thereof. Together with all and singular the tenements, hereditaments and appurtenances, unto the said property belonging, or in anywise appertaining. * * * ''

At the time of the execution and delivery of the mortgages, the plaintiff assigned and delivered to the defendant in connection with the loans the two certificates above mentioned, and thereafter defendant had the stock transferred to it and new certificates issued therefor. These certificates represent water used upon the two tracts, each relating to one tract and not to the other.

It is agreed that, in applying for the loans, plaintiff represented that the lands were irrigated, and the mortgages were made upon the basis of irrigated land values; without irrigation the lands are semi-arid in character and of comparatively small value; that the loans were based upon the value of the lands as irrigated lands, with water rights attached thereto; that without water upon the lands the same would be semi-arid, and the loan value upon the same would not have approximated within seventy per cent of the loan value for irrigated lands; that the lands at all times have required all the water that could be secured from the ditch by the owners of the shares of stock.

Plaintiff being in default as to the payment of principal, interest and for failure to pay taxes upon the lands, defendant instituted an action to foreclose the second and third mortgages. Plaintiff was personally served with process but did not make any appearance. There are attached to the complaint in the foreclosure action and made a part thereof copies of the mortgages sought to be foreclosed. No other mention of the water, water rights or water stock was made

in the complaint. In due time a decree for the foreclosure of the mortgages was entered, and on August 25, 1922, the lands were sold at sheriff's sale, being bid in by the defendant. Thereupon a sheriff's certificate of sale was issued, correctly describing the lands, but failing to mention the appurtenances, neither was there any mention of water, water rights or shares of stock. A sheriff's deed, issued September 12, 1923, in describing the property conveyed simply followed the certificate of sale.

On January 3, 1929, plaintiff commenced this action against defendant to recover possession of the sixty-six shares of stock, praying that plaintiff be declared the owner thereof, and that defendant be required to assign to plaintiff the stock certificates, or, if that could not be done, that plaintiff have judgment for the value thereof, alleged to be $5,280. The defendant answered, plaintiff replied, and thereafter the parties agreed upon a statement of facts. Pursuant thereto the court entered judgment for plaintiff to the effect that plaintiff is the owner of the stock, and that the defendant is not entitled to possession thereof in its individual capacity, and is entitled to hold the same only as trustee for the owners of the first mortgage. From this judgment the defendant has appealed.

Plaintiff's theory is that the shares of stock in the ditch company are personal property, are not and cannot be appurtenant to the land; that the stock was hypothecated to the defendant by way of pledge, and, the pledge not being foreclosed when the defendant bid in the lands for the full amount of the judgment, the stock was released from its pledge, and, the debt being paid, the defendant has no interest therein.

The determinative question is: Under the facts and circumstances shown, did the mortgage include the water rights represented by the shares of stock?

Section 6671, Revised Codes 1921, declares a thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, and section 6857, Id.,

provides in part that the transfer of a thing transfers also all its incidents, unless expressly excepted.

A transfer vests in the transferee all the actual title to the thing transferred which the transferor then has, unless a different intention is expressed or is necessarily implied. (Sec. 6856, Id.)

These statutes are but the crystallization of the common law. "The maxim of the law is that whoever grants a thing, is supposed, also, tacitly, to grant that, without which, the grant would be of no avail. Where the principal thing is granted, the incident shall pass. (Co. Litt., 152)." (*Jackson* v. *Trullinger*, 9 Or. 393; *Humphreys* v. *McKissock*, 140 U. S. 304, 35 L. Ed. 473, 11 Sup. Ct. Rep. 779.)

"The right to the use of running water is a corporeal right or hereditament which follows or is embraced by the ownership of riparian soil. It is a corporeal right running with riparian land. (*Hill* v. *Newman*, 5 Cal. 445 [63 Am. Dec. 140]; *Cary* v. *Daniels*, 8 Metc. (Mass.) 480 [41 Am. Dec. 532].)" (*Smith* v. *Denniff*, 24 Mont. 20, 81 Am. St. Rep. 408, 50 L. R. A. 737, 60 Pac. 398.)

In *Tucker* v. *Jones*, 8 Mont. 225, 19 Pac. 571, 573, no express grant of a ditch or water right was contained in the deed, unless in the use of the word "appurtenances." This court said: "It is a rule, in accordance with natural justice and reason, that, where one sells a house or a farm, every right will pass to the purchaser which is necessary to the complete use and enjoyment of the property conveyed, unless expressly reserved." And it was said that the use of a certain ditch and water for the irrigating of a farm will pass by the deed even without the use of the word "appurtenances." The opinion quotes liberally from the leading case of *Cave* v. *Crafts*, 53 Cal. 135, which it follows.

In *Hogan* v. *Thrasher*, 72 Mont. 318, 233 Pac. 607, 612, we said: "It is the rule that appurtenances to said land pass by a deed for the land without being specifically mentioned"— citing *Tucker* v. *Jones*, supra, *Sweetland* v. *Olsen*, 11 Mont. 27, 27 Pac. 339, *Great Falls Waterworks Co.* v. *Great Northern*

*Ry. Co.*, 21 Mont. 487, 54 Pac. 963, and *Lensing* v. *Day & Hansen Security Co.*, 67 Mont. 382, 215 Pac. 999.

In *Lensing* v. *Day & Hansen Security Co.*, supra, we said: "A water right, acquired by appropriation and used for a beneficial and necessary purpose in connection with a given tract of land, is an appurtenance thereto, and as such passes with the conveyance of the land, unless expressly reserved from the grant."

Following the settled law, therefore, if the water rights carried by the certificates of stock were appurtenant to the land, the omission of any mention of water rights or the certificates of stock from the sheriff's deed was immaterial.

A mortgage of land with the appurtenances covers both the incorporeal hereditaments annexed to the realty, and also such physical property, or rights to or in connection with it, as are used with and for the benefit of the land and are reasonably necessary for its proper enjoyment. (41 C. J. 482.)

As is shown in the agreed statement of facts, the land in question was irrigated, and without irrigation was of little value. It appears conclusively that the water obtained from the canal of the Big Ditch Company was essential to the use of the land in question, and had been used thereon for thirty years or more. Upon the facts shown there can be no question that the water rights represented by the shares of stock in the Big Ditch Company were appurtenant to the lands. The authorities sustain this position. The fact that the certificates of stock—evidences of ownership of an interest in corporate property—are personal property does not militate against this statement. Personal property can become an appurtenance to land without attachment or annexation. Section 6667, Revised Codes 1921, provides that real or immovable property consists of: (1) Land; (2) that which is affixed to land; (3) that which is incidental or appurtenant to land. For instance, mining tools are appurtenant to mines. (Sec. 6670, Rev. Codes 1921.)

The supreme court of California, speaking in a somewhat similar case, said the shares were personal property for the

purpose of transfer by indorsement, but it did not follow from this that they could not be appurtenant to the land. Conceding that they were so far personal property that plaintiff might have transferred the water right by indorsement of the certificates and thereby have severed the water right from his land, it remained undeniably true that the right represented by the certificates was appurtenant to the land, though deemed personal property with reference to the mode of transfer. (*In re Thomas' Estate,* 147 Cal. 236, 81 Pac. 539; and see *Woodstone Marble & Tile Co.* v. *Dunsmore Canyon Water Co.,* 47 Cal. App. 72, 190 Pac. 213; *Frank* v. *Hicks,* 4 Wyo. 502, 35 Pac. 475, 1025; *Burnett* v. *Taylor,* 36 Wyo. 12, 252 Pac. 790.)

In *In re Johnson's Estate,* 64 Utah, 114, 228 Pac. 748, 751, it is said that, ''if the water right is represented by shares of stock in a corporation, the plain implication is that it may be transferred by a transfer of the certificate of stock, in the ordinary manner, as personal property. But that does not necessarily mean that water rights thus represented may not be an appurtenant to the land upon which the water is used, and pass as such with a conveyance of the land.''

In *Ireton* v. *Idaho Irr. Co.,* 30 Ida. 310, 164 Pac. 687, 689, we find the following: ''It is contended by appellant that the shares of stock in the operating company are personal property, and that the water right passed by assignment of them, and did not become subject to the mortgage on the land. While shares of stock in an ordinary corporation, organized for profit, are personal property (sec. 2747, Rev. Codes; *State* v. *Dunlap,* 28 Idaho, 784, and cases therein cited on page 802, 156 Pac. 1141 [Ann. Cas. 1918A, 546]), and while this court has held shares in an irrigation company to be personal property (*Watson* v. *Molden,* 10 Idaho, 570, 79 Pac. 503) the fact must not be lost sight of that a water right is, as heretofore shown, real estate, and that in case of a mutual irrigation company, not organized for profit, but for the convenience of its members in the management of the irrigation system and in the distribution to them of water for use upon their

lands in proportion to their respective interests, ownership of shares of stock in the corporation is but incidental to ownership of a water right * * * and ownership of them passes with the title which they evidence. (*In re Thomas' Estate,* 147 Cal. 236, 81 Pac. 539; *Berg* v. *Yakima Valley Canal Co.,* 83 Wash. 451, L. R. A. 1915D, 292, 145 Pac. 619).''

The doctrine announced in the foregoing cases is suited to our history and conditions and meets with our approval. Defendant's counsel cite decisions from the supreme court of Colorado to sustain the decision of the lower court, but with these we are unable to agree.

We do not overlook the point that whether a water right evidenced by shares of stock is appurtenant to the land upon which the water is used is a question of fact. But, upon the conceded facts, that question does not trouble us: clearly, the water is appurtenant to the land. Such being the case, the governing rule is that everything essential to the beneficial use and enjoyment of the property conveyed is, in the absence of language indicating a different intention on the part of the grantor, to be considered as passing by the conveyance. (*Sheets* v. *Seldon,* 2 Wall. (U. S.) 177, 17 L. Ed. 822.) The owner of land with an appurtenant water right may, by appropriate conveyance, convey the land to one person and the water right to another. But, if he conveys the land without reservation, he also conveys the appurtenance and whatever is incidental to the land. He therefore conveys the appurtenant water rights, unless he expressly reserves them. If the water rights are represented by stock in an irrigation company such as the Big Ditch, he may, of course, transfer the water right by mere assignment of the stock to one person and may convey the land by deed to another person. Controversies may arise in transactions of this nature in which it may be necessary to ascertain whether a grantor has intended to sell the water to one person and the land to another. But here, where it is clear that the mortgagor intended to convey both the land and the appurtenant water to the mort-

gagee to secure the payment of debt, the question does not arise.

Upon the agreed facts there can be no doubt that the first mortgage is a first lien upon the lands and also upon the appurtenant water rights as represented by the stock, and that the defendant holds the lands and the water stock subject to the first lien. But, by reason of the foreclosure, the plaintiff has no right, title or interest in either the land or the water stock.

The judgment is reversed, with direction to dismiss the plaintiff's complaint.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.