**ACKROYD et al. v. BRADY IRR. CO. et al.**

No. 3053.

District Court, D. Montana.

Feb. 13, 1939.

Wood & Cooke, of Billings, Mont., for interveners James A. Ackroyd and others.

Church & Jardine, Freeman, Thelen & Freemen, and Ernest Abel, all of Great Falls, Mont., for plaintiff Brady Irr. Co.

George Coffey, of Choteau, Mont., for intervener C. K. Malone.

R. H. Glover, S. B. Chase, Jr., and John D. Stephenson, all of Great Falls, Mont., for defendant Winston Bros. Co.

PRAY, District Judge.

The complaint in above cause was filed therein pursuant to the Declaratory Judgment Act, 28 U.S.C.A. 400. In the beginning Brady Irrigation Company, a corporation, was plaintiff, and Winston Brothers Company, a corporation, Teton Cooperative Reservoir Company, a corporation, and Bynum Irrigation District, a public corporation, were defendants. C. K. Malone alleges ownership of ten of the bonds of the Bynum Irrigation District in his complaint in intervention, and James A. Ackroyd and five other persons allege that they are the owners and holders of nine hundred twenty three of the bonds of Bynum Irrigation District in their complaint in intervention, and that there are in all 1000 bonds of the par value of one million dollars. Three motions by Winston Brothers Company are pending seeking the dismissal of the complaints of plaintiff and Malone, intervener, and the bill of Ackroyd et al., as to this defendant. The grounds alleged in all three motions are that the complaints fail to state facts sufficient to constitute a cause of action against the defendant, Winston Brothers Company. This matter comes before the court under Rule 40(2), and briefs have been submitted on the motions by counsel for the respective parties, plaintiff, defendant and interveners, Ackroyd et al.

According to the briefs the defendant seems to be satisfied, generally speaking, with plaintiff's statement of facts, which alleges, among other things, that plaintiff is a corporation organized and operating solely for the purpose of delivering water for irrigation and domestic purposes to its stockholders and has been operated only as a co-operative association and not for profit; that the defendant, Teton Co-operative Reservoir Company is a corporation and ever since its organization has been operated solely and only for the purpose of delivering water for irrigation and domestic purposes particularly for the irrigation of lands owned or controlled by the stockholders of the same, and that it has never operated for profit, and that the only income it has ever received has been from sale of its capital stock and from assessments levied against the same; that it has a capital stock of one thousand shares of the par value of $150, 804 of which are owned by Bynum Irrigation District, a public corporation, and 156 shares owned by the plaintiff, and the other 40 shares by other stockholders. The Reservoir Company owns property consisting of about 577.81 acres of land situated in Teton County, Montana; that the land is necessary for use by the Reservoir Company for purposes of reservoir, dam and other irrigation works which are needed for diverting, conveying, storing and distributing water to stockholders of the Reservoir Company to irrigate the lands of such stockholders, and the stockholders of plaintiff and members of the Bynum Irrigation District.

In 1930 defendant, Winston Brothers Company obtained a judgment in the state court of Teton County, Montana, against the Reservoir Company on a promissory note made by the Reservoir Company to this defendant, dated July 23, 1927, and that by reason of such judgment the defendant claims a lien against the property of the Reservoir Company and unless restrained by an order of this court will cause an execution to issue for the enforcement of the judgment by sale of the lands, reservoir site and other property of the Reservoir Company. The principal question therefore is, whether the defendant, Winston Brothers Company, has a lien upon the said property, and whether it is subject to sale under a writ of execution for the enforcement of the judgment. The theory of plaintiff is that the use of the water diverted, stored and distributed by the Reservoir Company and its irrigation works are appurtenant to the lands which are irrigated by such water, and that since all of the lands of the Reservoir Company are necessary for the diversion, storage and distribution of such waters that they can not be sold under execution.

The theory of the interveners, Ackroyd et al., is that the Reservoir Company is not operated for profit and has no beneficial interest in the real estate it owns; that the real estate, and the appurtenances, are used only to provide water for irrigation purposes to the stockholders of the company at the cost of the service, each share of stock representing the right to a proportionate part of the water rights involved; that the Bynum Irrigation District is a public corporation and is the owner of 80.4% of the stock of the Reservoir Company—thus controlling its business; that the Reservoir Company is but a trustee holding a naked legal title to the water facilities and the entire beneficial interest therein is vested in its stockholders, which include the Bynum Irrigation District holding 80.4% of the outstanding stock; therefore, the Bynum Irrigation District is a cestui que trust of the trust of which the Reservoir Company is trustee. That since the real estate of the Reservoir Company belongs to the Bynum Irrigation District, a public corporation, for reasons of public policy it would be exempt from execution. The title to 577.81 acres of land is in the Reservoir Company, together with a government reservoir site, canals, ditches and water rights. Section 9410 of Revised Codes of Montana of 1935 provides that from the time the judgment is docketed it becomes a lien upon all real property of the judgment debtor not exempt from execution in the county, owned by him at the time, or which he may afterward acquire, until the lien ceases, which may continue for six years, unless the judgment is previously satisfied.

Another reference to the question, whether the property is subject to execution is found in Sec. 9424, R.C.M.1935; and is as follows: "What shall be liable on execution—not affected until levy. All goods, chattels, moneys, and other property, both real and personal, or any interest therein of the judgment debtor, not exempt by law, and all property and rights

of property, seized and held under attachment in the action, are liable to execution." The next question confronting the court is whether such property as that involved in this action is exempt from execution. The statutory provisions in respect to exemptions are found in Sections 9427 to 9430, R.C.M.1935. Counsel contend that the only exemption that might apply is found in Sec. 9428, subdivision 10, exempting "All courthouses, jails, public offices, and buildings, lots, grounds, and personal property, the fixtures, furniture, books, papers, and appurtenances belonging and pertaining to the courthouse, jail, and public offices belonging to any county of this state, and all cemeteries, public squares, parks, and places, public buildings, town halls, public markets, buildings for the use of fire departments and military organizations, and the lots and grounds thereto belonging and appertaining, owned or held by any town or incorporated city, or dedicated by such city or town to health, ornament, or public use, or for the use of any fire or military company organized under the laws of the state. No article, however, or species of property mentioned in this section is exempt from execution issued upon a judgment recovered for its price, or upon a judgment of foreclosure of a mortgage lien thereon, and no person not a bona fide resident of this state shall have the benefit of these exemptions. No person can claim more than one of the exemptions mentioned in the first six subdivisions of this section."

Directly preceding the above subdivision 10 appears the following introductory paragraph: "Specific exemptions. In addition to the property mentioned in the preceding section, there shall be exempt to all judgment debtors who are married, or who are heads of families, the following property." This paragraph seems to have but very little if any application to subdivision 10, which deals almost entirely with public buildings and grounds. It is not apparent how the lands and works of the Reservoir Company could be exempt under the provisions of the above mentioned statute. The claim is made that the property of the Reservoir Company is appurtenant to the lands of the stockholders of the Brady Irrigation Company and to the lands within the Bynum Irrigation District. But the exemption statute would not seem to apply for the apparent reason that it does not deal with the kind of property here involved. Considerable stress is placed upon the assertion that the Reservoir Company does not operate for profit; there seems to be no reason on that account alone why that company should be excused from payment. It appears that the work done by defendant Winston Brothers was for the enlargement and improvement of the reservoir of the former company and probably enhanced its value and increased the water supply. The defendant recovered a judgment on a promissory note given by the Reservoir Company for the price of these improvements and the debtor company refused payment of the balance due. If the exemption statute itself does not declare that where a judgment is obtained under such circumstances the defendant's property shall not be exempt from sale under execution, it is difficult to draw the line of demarkation. The statute says that "no article, however, or species of property mentioned in this section is exempt from execution issued upon a judgment recovered for its price * * *." This was a judgment for the price of necessary additions to and improvements of the property of the debtor company. Even though the statute should be held to apply the foregoing provision would seem to raise a serious question whether it would be available to the Reservoir Company.

But there are other questions to be considered in order to determine whether Winston Brothers should be allowed to proceed under their judgment. A declaratory judgment is sought, to the effect that the judgment of Winston Brothers Company is not a lien upon the lands and premises of the Reservoir Company, and that they should be enjoined from claiming a lien or attempting to sell the property on execution. The theory is advanced in intervener's brief that the real estate of the Reservoir Company in fact belongs to Bynum Irrigation District, a public corporation, and therefore for reasons of public policy would be exempt from execution. In respect to the Reservoir Company there is nothing novel or unusual in its incorporation, organization or operation. While it may not be conducted for profit it ascertains the costs of operation and assesses its stockholders accordingly. If there should be a saving in the course of its operations at any time would it not inure to the benefit of the stockholders? From time to time repairs and improve-

ments would be necessary and expense would have to be incurred and arrangements made for payment. Of course, they would expect to pay; they would not want to defeat an honest obligation by claiming that they had a mere naked title to the property, and that the water they stored belonged to someone else and the works as well; and that because one irrigation company owned eighty per cent of its (the Reservoir Company's) stock, and was a public corporation, that that thereby rendered it execution proof for reasons of public policy.

It appears that the Reservoir Company did not sell any land to the purchasers of its shares of stock, and under its by-laws the right to use the water was evidently a personal right and not limited to any specific land. The Brady Company owns no land but does own shares of stock in the Reservoir Company, and its (the Brady Company's) stockholders own land but no shares in the Reservoir Company. The right to the use of water by the stockholders of the Brady Company rests upon the ownership of stock by the Brady Company in the Reservoir Company, subject to such rules and regulations as may be adopted. The particular facts of the case will determine whether a water right is appurtenant to land as governed by Montana decisions. The court held in Maclay v. Missoula Irrigation District, 90 Mont. 344, 3 P.2d 286, 290: "The law on the subject of when water rights are appurtenant to land and on the right to effect a severance is well established in this state. A water right, legally acquired, is in the nature of an easement in gross, which, according to circumstances, may or may not be an easement annexed or attached to certain lands as an appurtenance thereto. Smith v. Denniff, 24 Mont. 20, 60 P. 398, 50 L.R.A. [737], 741, 81 Am.St.Rep. 408. When a water right is acquired by appropriation and used for a beneficial and necessary purpose in connection with a given tract of land, it is an appurtenance thereto and, as such, passes with the conveyance of the land, unless expressly reserved from the grant. Lensing v. Day & Hansen Co., 67 Mont. 382, 215 P. 999. This is so even though the grant does not specifically mention the water right. Yellowstone Valley Co. v. Associated Mortgage Investors, 88 Mont. 73, 290 P. 255, 70 A.L.R. 1002. Such a right may, however, be disposed of apart from the land to which it is appurtenant (Lensing v. Day & Hansen Co.,

above), and may be reserved from a grant of the land (Kofoed v. Bray, 69 Mont. [78], 79, 220 P. 532)."

One who asserts that a water right and ditch are appurtenant to certain lands has the burden of proving it, and must connect himself with the title of the prior appropriator. Smith v. Denniff, 24 Mont. 20, 60 P. 398, 50 L.R.A. 737, 81 Am.St. Rep. 408. One could purchase stock from a stockholder of the Brady Company and use it wherever he desired without regard to the use of water by the other stockholders; the stock of this company could be transferred without the land; the sale of the land would not carry with it any stock of the above company unless so specified in the deed. If it were possible to hold that the stockholder's interest in the Brady Company is in effect an interest of a stockholder in the Reservoir Company, and that such interest gives the stockholder of Brady Company an interest in the water rights owned by the Reservoir Company, and that therefore such water right is appurtenant to the land of the Brady Company's stockholder and gives such stockholder title to the lands and works of the Reservoir Company, and that consequently the latter company holds only a naked legal title, then, under such circumstances, the theory of the plaintiff and intervener in substance at least, might have to be adopted.

The definition of appurtenance is given in Smith v. Denniff, supra, 24 Mont. at page 23, 60 P. at page 399, 50 L.R.A. 737, 81 Am.St.Rep. 408, as follows: "Section 1078 of the Civil Code [Section 6671, R.C. M.1935] defines an 'appurtenance' as follows: 'A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or water course, or of a passage for light, air, or heat from or across the land of another.' A 'water course from or across the land of another' is an easement, and by reference to section 1250 of the Civil Code [Section 6749, R.C.M.1935] it is plain that in the contemplation of the Code an appurtenance to land is in any and every case an easement."

This definition of the writer of the above decision is interestingly illustrated 24 Mont. on pages 23 et seq., 60 P. 398, 50 L.R.A. 737, 81 Am.St.Rep. 408. The court further held in the above case 24 Mont. on page 27, 60 P. on page 400, 50 L.R.A. 737, 81 Am.St.Rep. 408: "nor can

it [the servitude upon the land across which his water is conveyed] be technically an appurtenance to the land upon which it exists, for, as we have seen, a burden or servitude, to be appurtenant to land, must be a burden or servitude upon other land." Even though it should appear that the Brady Company's stockholders have an easement in the ditches of the Reservoir Company, would that circumstance render the property of the latter company immune from the lien of a judgment or sale on execution. Reference has been made to the case of Yellowstone Valley Company v. Associated Mortgage Investors, 88 Mont. 73, 290 P. 255, 258, 70 A.L.R. 1002, wherein appears an able opinion written by Chief Justice Callaway, which has been carefully considered by this court because of the reliance placed upon it by counsel for plaintiff. It is plain to be seen that the court in that case was dealing with an entirely different state of facts although the deductions might appear to have some bearing on the instant case. The court there held that under the facts shown the mortgage included the water rights represented by the shares of stock, which had been specifically enumerated and included therein, and further held: "We do not overlook the point that whether a water right evidenced by shares of stock is appurtenant to the land upon which the water is used is a question of fact. But, upon the conceded facts, that question does not trouble us; clearly, the water is appurtenant to the land." It seems hardly possible to find from the language of the foregoing decision that the court intended the inference to be drawn that a stockholder in the Yellowstone Valley Company was an owner of an interest in the property of the company, and that this interest was appurtenant to the land which is irrigated.

Contrary to the theory of plaintiff it clearly appears from the cases cited by defendant, viz: Hyink v. Low Line Irrigation Company, 62 Mont. 401, 205 P. 236, and Dyk v. Buell Land Co., 70 Mont. 557, 227 P. 71, that a property interest has been shown to exist in the Reservoir Company, and that this company can not be held to possess merely a naked legal title under the Montana decisions.

Much stress has been placed upon the by-laws of the Reservoir Company as to its character as a corporation for profit, or otherwise; as to that, the articles of incorporation would seem to be the best evidence, but they are not attached to the complaint as an exhibit, and nothing appears therein to indicate anything else than an ordinary corporation for profit. In Canyon Creek Irr. Dist. v. Martin, 52 Mont. 339, 159 P. 418, after showing the stock had a commercial value, as in the case of the Reservoir Company, and the corporate purposes, the court held 52 Mont. on page 344, 159 P. on page 419: "This fixes and determines the character of the reservoir company; in it there is nothing suggestive of mutuality, nothing to indicate that the functions of the corporation are confined to the carriage of water to its members so as to make them, and not the corporation, the owners of its ostensible assets. If it be supposed, however, that this is made to appear from the by-laws offered but not received in evidence, the answer is that not in this way can the essential nature of a corporation be affected." Other cases relied upon by plaintiff are Gue v. Tide Water Canal Company, 24 How. 257, 65 U.S. 257, 16 L.Ed. 635, and Eldredge v. Mill Ditch Company, 90 Or. 590, 177 P. 939; the latter case is also cited by interveners Ackroyd et al. The court has read these cases, bearing in mind the application made by counsel for both sides in this controversy, and is inclined to believe that neither of them is applicable to the facts of the present case; the reasoning found in defendant's brief in opposition to the application of these two cases as an authoritative guide appears to be correct. The principal ground of distinction between the Eldredge case and the present case is that the stockholders of the Reservoir Company do not own any land; the stock being held by the Brady Irrigation Company and the Bynum Irrigation District. The interveners are bondholders of Bynum Irrigation District, and the bonds appear to be a lien upon all the land situated in that district; from the complaint in intervention it does not appear that any of the land of the Reservoid Company is in the Bynum Irrigation District.

There are no cases cited showing that a person who is not the owner of a water right can obtain an easement in a ditch for the conveyance of water for irrigation. The water right owner in the immediate case is the Reservoir Company and the rights of plaintiff and the Bynum

508

Irrigation District are governed by contract with the Reservoir Company.

This case presents rather a difficult situation for all concerned, and the difficulty is not likely to end with this decision, but the court has endeavored to keep in view the way to substantial justice. Of course, the best way out is to make arrangement for the payment of the judgment. It is quite evident that all who are using water from this reservoir are deriving benefit from the improvements made by defendant, in fact they are the chief beneficiaries.

The court has considered the pleadings, arguments of counsel for the respective parties, the constitution and statutes referred to, and many authorities, and being duly advised and good cause appearing therefor, is now of the opinion that the application for injunctive relief should be denied and that the three motions to dismiss should be granted and it is so ordered.