No. 12535

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

ALBERT SCHWEND, CHARLES SCHWEND,
LESLIE SCHWEND and MARVIN SCHWEND,

Plaintiffs and Respondents,

-vs-

NOLA JONES, et al.,

Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana
James J. Sinclair argued, Billings, Montana

For Respondents:

Ayers and Alterowitz, Red Lodge, Montana
Arthur Ayers argued, Red Lodge, Montana

---

Submitted: September 12, 1973

Decided: OCT 2 4 1973

Filed: OCT 2 4 1973

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action seeking a declaratory judgment determining ownership of water rights between the purchasers and the seller of farm land under a contract for deed. The district court of Carbon County, the Hon. C. B. Sande, district judge, sitting without a jury, entered judgment for the purchasers. The seller appeals from that judgment.

Plaintiffs and respondents are the contract purchasers, Albert, Charles, Leslie and Marvin Schwend. Defendant and appellant is Nola Jones, the contract seller. The other defendant, Lincoln Ditch Company, a corporation, is not a party to this appeal.

In 1965 appellant and respondents entered into a written farm lease covering about 180 acres of land in Carbon County, Montana. The farm lease contained an option to purchase. A dispute arose between appellant and respondents resulting in a lawsuit in the district court of Carbon County, #7054, entitled Nola Jones, plaintiff v. Albert Schwend et al., defendants. Following trial without jury, the Hon. Charles Luedke, district judge, entered findings of fact, conclusions of law and a decree. These provided, inter alia, that the farm lease and option agreement was valid; that the Schwends were entitled to immediate possession of the property, specific performance of the option, and a written contract for deed covering approximately 180 acres of farm land and "the hereditaments and the appurtenances thereunto belonging." A written contract for deed was executed by the parties and approved by the court which described the land but did not refer to hereditaments, appurtenances or water rights.

Subsequently respondents Schwend moved to amend the contract for deed in two particulars: (1) to include a description of a 14 acre tract meant to be described and included but which

- 2 -

was omitted due to a scrivener's error; (2) to include certain water rights evidenced by shares of stock in three separate ditch companies. Judge Luedke granted the first motion nunc pro tunc, but denied the motion for inclusion of the water rights and water stock in the sale, stating in a memorandum accompanying the ruling:

> "With respect to the water stock, however, no issue arose during the course of the trial as to water and no evidence was offered concerning water rights or water stock. Consequently, nothing was included in the Court's Findings and Conclusions except that the land Defendants were entitled to purchase carried with it 'hereditaments and the appurtenances thereunto belonging.' This would include water rights and water stock which are appurtenant to the land, but whether any specific right to water is or is not appurtenant to any specific land is a question of fact. (Citation) With no evidence having been offered, the Court could not at the time of trial make any finding concerning water and water rights and it cannot do so now."

No appeal was taken in cause #7054.

Thereafter respondents Schwend filed another suit in the district court of Carbon County, being cause #7384 entitled Albert Schwend et al, plaintiffs v. Lincoln Ditch Company, a corporation, and Nola Jones, defendants. This was an action by the contract purchasers to establish their beneficial ownership of the water rights and water stock under the contract for deed. The basis of plaintiffs' claim for relief was that such water rights were appurtenant to the land and as there were no reservations in the contract for deed, the water rights passed with the land. Defendants filed substantially a general denial and pleaded as an affirmative defense that the complaint should be dismissed as res judicata.

The following stipulations of fact, inter alia, were made by the respective parties in #7384: (1) that Nola Jones was registered owner of the water stock; (2) that the water rights represented by the stock were beneficially used upon the lands

in question; (3) that aside from collateral estoppel, the only issue is whether the contract for deed conveyed the water rights evidenced by the stock.

Following trial without a jury, Judge Sande entered a decree that the shares of stock of Nola Jones in the ditch companies are included in the property sold and purchased under the contract for deed between appellant and respondents, and that respondents are beneficial owners thereof. Nola Jones appeals from this decree.

Two issues are assigned for review: (1) Were the water rights owned by Nola Jones, which were evidenced by the shares of stock in the ditch companies, sold under contract for deed? (2) Does collateral estoppel bar plaintiffs' claim for relief in the second suit (#7384)?

Directing our attention to the first issue, we hold that the water rights of Nola Jones were appurtenant to the land sold under contract for deed. In cause #7384, it was stipulated:

> "* * * the water rights represented by the water stocks * * * were beneficially used on the lands which are the subject of the contract for deed * * *."

Section 67-211, R.C.M. 1947 states:

> "A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit * * *."

The findings of the court in #7054 specifically provide for the sale of the land and "the hereditaments and/appurtenances thereunto belonging" and the decree orders specific performance of the option to purchase in conformity with the findings.

As the water rights were appurtenant to the land sold, we hold that the contract for deed effectively conveyed beneficial ownership in the water rights evidenced by the shares of stock in the ditch companies in the absence of an express reservation or exception. Maclay v. Missoula Irr. Dist., 90 Mont. 344, 3 P.2d 286.

- 4 -

Section 67-1523, R.C.M. 1947 reads:

> "The transfer of a thing transfers also all
> its incidents, unless expressly excepted * * *."

Under both Montana codes and at common law whoever grants a thing tacitly grants that without which the grant would be of no avail -- a grant of the principal thing carries with it a grant of the incident. Yellowstone V. Co. v. Asso. Mtg. Investors, 88 Mont. 73, 84, /290 P. 255, 70 A.L.R. 1002. If the water rights are appurtenant to the land, the fact that such water rights are evidenced by shares of stock in a ditch company does not change the rule. Yellowstone V. Co. v. Asso. Mtg. Investors, supra; 45 Am Jur 2d, Irrigation, § 48. The controlling principle was succinctly expressed in Yellowstone Valley:

> " * * * The owner of land with an appurtenant
> water right may, by appropriate conveyance, convey
> the land to one person and the water right to
> another. But, if he conveys the land without
> reservation, he also conveys the appurtenance
> and whatever is incidental to the land. He there-
> fore conveys the appurtenant water rights, unless
> he expressly reserves them. * * *"

Passing on to the second issue, the seller Jones contends that the second suit (#7384) is barred as the issue of water rights is res judicata, having been decided adversely to the purchasers in the first suit (#7054). She contends that the decree in the first suit (#7054) collaterally estops an adjudication of water rights in the second suit (#7384).

> In our view appellant's position lacks merit. Section 93-1001-23, R.C.M. 1947, /provides:

> "That only is deemed to have been adjudged in
> a former judgment which appears upon its face to
> have been so adjudged, or which was actually and
> necessarily included therein or necessary thereto."

"As far as subsequent proceedings under a different cause of action are concerned, the doctrine of res judicata is held not to apply to issues raised in the previous case which were not passed on by the court or jury in deciding it." 46 Am Jur 2d,

- 5 -

Judgments, § 419, and cases listed in footnote 3.  Here the district court in the first case (#7054) refused to adjudicate water rights as such issue was beyond the scope of the controversy presented to it, so the decree in the second case #7384) adjudicating this issue was the first judicial determination thereof.

For the foregoing reasons, the judgment of the district court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 6 -