Lucy P. GONZALEZ, individually; Eugene C. Gonzalez, Frank E. Gonzalez, and James S. Gonzalez, individually and as representatives of the Carmen Gonzalez Heirs, Plaintiffs,

v.

Stephen ANDERSON and Ellen Anderson, husband and wife; Robert B. Brown, individually, and the Supply Ditch Association, a Montana corporation, Defendants.

No. CV 82–144–M.

United States District Court,
D. Montana,
Missoula Division.

Jan. 12, 1984.

Donald V. Snavely, Missoula, Mont., for plaintiffs.

Charles H. Recht, Hamilton, Mont., for Supply Ditch.

Timothy D. Geiszler, Missoula, Mont., for defendants Anderson.

Robert B. Brown, pro se.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

At one time Carmen Gonzalez (Carmen) and his wife, Lucy Gonzalez (Lucy), acquired by warranty deed, as joint tenants with right of survivorship, certain real property in Ravalli County, together with 200 shares of the stock of the Supply Ditch Association (Supply). Supply claims that the stock certificate was in the name of Carmen alone. The land, together with "all water and water rights of every kind and description and however evidenced, and all ditches or other conduits, rights therein and rights-of-way therefore, which are now or hereafter may be appurtenant to said premises or any part thereof, or used in connection therewith," was mortgaged by Carmen and Lucy. The United States became the owner of the mortgage. Following the execution of the mortgage, Lucy brought an action against Carmen to partition the land and joined the United States as a defendant. The United States cross-complained and sought a foreclosure of the mortgage. The mortgage was foreclosed, but the decree prepared by the attorneys for the United States did not specifically mention the water rights. The marshal's deed is not before the court.

Lucy now claims that she and Carmen owned the stock in joint tenancy and that she succeeded to the full interest on the death of Carmen. She also claims that the marshal's sale did not pass title to the 200 shares and that she still owns the stock. There is no allegation that there ever was a termination of the joint tenancy. Plaintiffs pray for a declaration of rights.

Lucy claims jurisdiction on the ground that there is a federal question and on the further ground that there is diversity of citizenship. Defendants challenge the jurisdiction of the court.

■ The federal question is alleged to be that the solution of the case revolves on the interpretation of a judgment of a federal court. The cases of *Cooke v. Avery*, 147 U.S. 375, 13 S.Ct. 340, 37 L.Ed. 209 (1893), and *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir.1976), are cited. I am not sure what the rule of *Cooke* is, but it was said that the validity of the lien was dependent upon laws of the United States

and the rules of the circuit court. That being true, then the effect of the judgment was dependent upon a federal law. At that time (1893), the federal courts were not bound to decide substantive rights on the basis of state law.[1] In 1938 the Supreme Court in *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 overruled *Swift v. Tyson*, 41 U.S. (16 Pet.) 1, 10 L.Ed. 865 (1842), and held that in diversity cases substantive rights must be decided on the basis of state law.[2] I apprehend that that same rule applies when jurisdiction exists solely because the United States is a party. Hence any questions of substantive law decided in the mortgage foreclosure action were decided on the basis of state law, and any interpretation of the decree would be based on state law. The decision in *Villarreal* is not persuasive. I am of the opinion that no federal question is involved in this case.

I now turn to the question of diversity jurisdiction. Carmen and Lucy had seven children. Three of those children, Eugene, Frank, and James, all citizens of California, are named plaintiffs. They are designated in the complaint as the "Gonzalez heirs representatives." The other Gonzalez children are not parties. It is conceded that some of the Gonzalez children live in Montana, and there is no allegation that they are not citizens of Montana. There is also no allegation that the "Gonzalez heirs representatives" have been appointed by a court as personal representatives of Carmen's estate.

The facts present a basic controversy as to whether Lucy as a joint tenant succeeded to Carmen's interest in the property on his death or whether the stock belonged to Carmen's estate alone.[3] If Carmen was the sole owner of the stock, then his estate would have succeeded to that ownership, and his children would be entitled to some part of the stock.

■ In a suit to establish title to property, all co-owners are indispensable parties. *Grisso v. United States*, 138 F.2d 996 (10th Cir.1943); *Kendrick v. Kendrick*, 16 F.2d 744 (5th Cir.1926); *Ward v. Louisiana Wild Life & Fisheries Commission*, 224 F.Supp. 252 (E.D.La.1963), *aff'd*, 347 F.2d 234 (5th Cir.1965). As possible co-owners of the stock, the children are indispensable parties to this action and must be joined.

■ Where jurisdiction is based on diversity, it is imperative that there be complete diversity on both sides. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). If the Montana children were parties, there would not be complete diversity. The allegation that the "Gonzalez heirs representatives" represent all of the heirs does not substitute for their joinder. In *Kendrick*, 16 F.2d 744, those heirs not citizens of the forum state attempted to proceed as class action plaintiffs representing citizens of the forum state who were heirs. The court held that all of the members of the class were indispensable parties and that when they were joined there was no longer complete diversity. Accordingly, the court dismissed for lack of jurisdiction.

■ I have considered plaintiffs' request to allow them to get a personal representative appointed and then amend the complaint so that Lucy and the personal representative would be the parties plaintiff. 3 J. Moore, Moore's Federal Practice ¶ 15.09 (2d ed. 1983), states the rule with respect to amendments to show jurisdiction in this manner: "Under Rule 8(a)(1), federal subject matter jurisdiction must be pleaded. *If such jurisdiction, in fact, existed at the commencement of an action,* generally it

---

**1.** In *Erie RR v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), which reversed *Swift v. Tyson,* 41 U.S. (16 Pet.) 1, 10 L.Ed. 865 (1842), the Court said that under *Swift* "state decisions construing local deeds, mineral conveyances, and even devises of real estate were disregarded." 304 U.S. at 76, 58 S.Ct. at 821 (footnotes omitted).

**2.** As an example of the state law in this kind of a case, *see Yellowstone Valley Co. v. Associated Mortgage Investors, Inc.,* 88 Mont. 73, 290 P. 255 (1930).

**3.** The stock certificate is lost. Supply claims that it was registered in the name of Carmen alone.

has been held that leave should be freely granted to amend a pleading to cure a failure to allege jurisdiction properly." (Emphasis supplied; footnotes omitted.) In this case jurisdiction did not exist when the action was commenced because it was impossible to assert the rights of Carmen's estate without destroying diversity. A personal representative of Carmen was not in existence at the time of the commencement of this action. The request for leave to amend is denied.

The action is dismissed for lack of jurisdiction. This dismissal shall not prejudice the rights of any or all of the plaintiffs to file another action in federal court if at some future time proper diversity should exist.