FILED

02/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0525

DA 17-0525

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 28N

SALSBERY FAMILY PARTNERSHIP,

        Claimant and Appellee,

    v.

RON K. KORMAN and MAXINE KORMAN,

        Objectors and Appellants.

APPEAL FROM:    Montana Water Court, Cause No. 40M-129
                    Honorable Douglas Ritter, Water Judge

COUNSEL OF RECORD:

        For Appellants:

                Ron Korman (Self-Represented), Maxine Korman (Self-Represented), Hinsdale, Montana

        For Appellee:

                Edward A. Amestoy, Cole Amestoy & O'Brien, Malta, Montana

                          Submitted on Briefs:  January 17, 2018

                                    Decided:  February 20, 2018

Filed:

                                  _____
                                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Ron Korman and Maxine Korman (Kormans) appeal from an August 17, 2017 Water Court order granting claimant's motion for summary judgment and dismissing the Kormans's stockwater right objection. We affirm.

¶3     The record shows that there is a small reservoir for watering livestock located on an unnamed tributary of Larb Creek in Valley County.  The reservoir first came into use in 1938.  Salsbery Family Partnership (Salsbery) purchased the property with the reservoir in place and currently owns the property where the reservoir is located.  In 1977, the Kormans and Salsbery entered into a grazing agreement that allowed the Kormans to graze livestock on the property where the reservoir is located.

¶4     Salsbery filed a claim for a stockwater right.  Salsbery asserted it acquired the reservoir and water right when it purchased the property and continue to own it as an appurtenance to the property.  The Kormans filed an objection arguing the Kormans's livestock had used the reservoir water while Salsbery livestock had not, and therefore the Kormans are the actual owner of the water right.  Both parties filed motions for summary judgment.

¶5 The Water Court determined that the Kormans did not acquire the right because of their livestock use, and that the Kormans failed to provide evidence that the 1977 grazing agreement conveyed any water rights.

¶6 We apply the same standards of review to the Water Court as we do to an appeal from a district court. *Mont. Trout Unlimited v. Beaverhead Water Co.*, 2011 MT 151, ¶ 16, 361 Mont. 77, 255 P.3d 179. This Court reviews the Water Court's conclusions of law de novo to determine whether they are correct. *Scott Ranch, Ltd. Liab. Co.*, 2017 MT 230, ¶ 10, 388 Mont. 509, 402 P.3d 1207 (citing *In re Crow Water Compact*, 2015 MT 217, ¶ 19, 380 Mont. 168, 354 P.3d 1217). Therefore, we will review the Water Court's grant and denial of the competing motions for summary judgment de novo, applying the same criteria of M. R. Civ. P. 56.

¶7 A claim of an existing right constitutes prima facie proof of its content. Section 85-2-227(1), MCA. The effect of the statute is to place the burden of proof on the objector to prove by a preponderance of the evidence that the elements of the original claim do not accurately reflect the beneficial use of the water right as it existed prior to July 1, 1973. *Marks v. 71 Ranch, LP*, 2014 MT 250, ¶ 15, 376 Mont. 340, 334 P.3d 373 (citing *Nelson v. Brooks*, 2014 MT 120, ¶ 37, 375 Mont. 86, 329 P.3d 558).

¶8 The Kormans admit their first use of the reservoir was in 1977. They contend the 1977 agreement severed the water rights from land ownership and conveyed those rights to the party grazing cattle. The water right was historically appurtenant to Salsbery property. Appurtenant water rights pass with a conveyance of the land, unless specifically exempted in that transfer. Section 85-2-403(1), MCA; *Castillo v.*

3

*Kunnemann*, 197 Mont. 190, 200, 642 P.2d 1019, 1026 (1982). Without a clearly expressed reservation of the water right, it remains appurtenant to the land. *Yellowstone Valley Co. v. Associated Mortg. Investors*, 88 Mont. 73, 81-82, 290 P. 255, 258 (1930). The 1977 grazing agreement was not provided to the Water Court or this Court. As the Kormans failed to show express language granting the water right, it remains appurtenant to the Salsbery land. The Water Court did not err.

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the Water Court's interpretation and application of the law were correct.

¶10   Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON